**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| THOA T. NGUYEN, et al. | CIVIL ACTION |
| VERSUS | NO. 14-80-BAJ-RLB |
| LOUISIANA STATE BOARD OF COSMETOLOGY, et al. | |

## ORDER

Before the Court is a Motion to Stay Discovery (R. Doc. 27) filed by Defendant, Celia R. Cangelosi. Defendant has moved to dismiss Plaintiffs' § 1983 action for constitutional violations on the basis of absolute or qualified immunity. (R. Doc. 16). The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985).[1]

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987). As clarification, the Court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly

---
[1] Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir.1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed.").

Here, Plaintiffs claim they have "ample evidence" and have "set forth factual allegations with sufficient precision and factual specificity" to overcome Defendant's claim of qualified immunity. (R. Doc. 35-1 at 5-6). Nonetheless, Plaintiffs argue that because Defendant denies their allegations, there are now disputed facts that will require discovery in order to resolve the issue of absolute or qualified immunity. This argument is not persuasive for several reasons.

To begin, courts will allow discovery on the issue of qualified immunity only after "the district court *first* finds" the complaint alleges facts sufficient to overcome the defense. *Wicks*, 41 F.3d at 994. This threshold issue is currently pending before the district court in Defendant's Motion to Dismiss. It is not until the district court decides the immunity issue that discovery can be conducted. Second, Defendant did not file a motion for summary judgment; she filed a Motion to Dismiss. Unlike summary judgment, where the dispute of material facts is relevant, when considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). And so, the fact that Defendant's Motion to Dismiss denies the allegations in the Complaint is immaterial. Because Defendant has filed a Rule 12(b)(6) motion, the district court must only consider whether the Complaint contains facts that, if proven, would overcome a defense of absolute or qualified

immunity. This inquiry, contrary to Plaintiffs' assertions, does not require discovery unless the "district court is unable to rule on the immunity defense without further clarification of the facts." *Lion Boulos*, 834 F.2d at 507. The district court has not made that determination. Therefore,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery is **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 25, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**