**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF LOUISIANA**

| | |
|---|---|
| THOA T. NGUYEN; HANH HOANG; HIEN HOANG; MAI THI NGUYEN; LE T. NGUYEN; THU THI MAI; BICH N. LAM; UAN CONG PHAM <br><br> Plaintiffs; <br><br> v. <br><br> LOUISIANA STATE BOARD OF COSMETOLOGY; STEVE YOUNG; FRANCES HAND; MICHELLE HAYS; IRA WEBER: TRANQUILLA HAMILTON; CAROLYN ROBICHEAUX; GENEVA JONES; LORA MOREAU; ELLZA HEBERT; CELIA CANGELOSI; SHERRIE STOCKSTILL; MARGARET KELLER; DEBRA ASHMORE; BETH CURRIE; CECELIA LANDRY; NELMA BADON; JOSEPHINE HIMEL; NONA PREJEAN; MAUREEN SALAS; DOTRRESS CASSELL; REGINA JONES <br><br> Defendants. | Civil Case No.: <u>3:14-CV-00080-BAJ-RLB</u> <br><br><br> JUDGE: <u>Brian A. Jackson</u> <br><br><br> MAGISTRATE: <u>RICHARD A. BOURGEOIS, JR.</u> <br><br><br> **FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

NOW INTO COURT, through undersigned counsel, come Plaintiffs, who amend the original complaint for injunctive relief and damages as follows:

1.

Plaintiffs amend and supplement Paragraph 1 of the original complaint to read as follows:

NOW INTO COURT, through undersigned counsel, come **Plaintiffs**:

a. **Thoa Nguyen, d/b/a Exotic Nails,** a person of the full age of majority who resides in the Parish of Vermillion, State of Louisiana;

1

b.  **Hanh Hoang, d/b/a Aloha Nail 2,** a person of the full age of majority who resides in the Parish of East Baton Rouge, State of Louisiana;

c.  **Hien Hoang, d/b/a Magic Nails, a** person of the full age of majority who resides in the Parish of East Baton Rouge, State of Louisiana;

d.  **Mai Thi Nguyen, d/b/a Nu Nails**, a person of the full age of majority who resides in the Parish of Ascension, State of Louisiana;

e.  **Le T. Nguyen, d/b/a Happy Nails**, a person of the full age of majority who resides in the Parish of East Baton Rouge, State of Louisiana;

f.  **Thu Thi Mai, d/b/a Diamond Nails**, a person of the full age of majority who resides in the Parish of St. Landry, State of Louisiana;

g.  **Bich N. Lam, d/b/a as Beauty Nails**, a person of the full age of majority who resides in the Parish of Iberia, State of Louisiana;

h.  **Uan Cong Pham, d/b/a/ as Elegant Nail #2,** a person of the full age of majority who resides in the Parish of Lafayette, State of Louisiana;

2.

Plaintiffs amend and supplement Paragraph 2 of the original complaint to read as follows:

Made **Defendants** herein are:

a.  **Louisiana State Board of Cosmetology (hereinafter LSBC or Board),** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

2

b. **Steve Young, in his individual and official capacities as Executive Director of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

c. **Frances Hand, in her his individual and official capacities as Chairman of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

d. **Michelle Hays, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

e. **Ira Weber, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

f. **Tranquilla Hamilton, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

g. **Carolyn L. Robicheaux, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or

agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

h. **Lora Moreau, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

i. **Geneva L. Jones, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

j. **Ellza Jill Hebert, in her individual and official capacities as Board Member of the Louisiana State Board of Cosmetology,** a "professional association" and/or agency in/of the State of Louisiana, domiciled in East Baton Rouge Parish and residing at 11622 Sunbelt Court, Baton Rouge, Louisiana 70809.

k. **All LSBC past and present Board Members.**

l. **Celia Cangelosi,** in her individual and official capacities as attorney, advisor, and complaint counsel to the Louisiana State Board of Cosmetology, with information and believe, is domiciled in East Baton Rouge Parish, State of Louisiana.

m. **Sherrie Stockstill,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology for District 7, with information and belief, is domiciled in the State of Louisiana;

4

n. **Margaret Keller,** in her official capacity as a district inspector and employee for the Louisiana State Board of Cosmetology for District 8, with information and belief, is domiciled in the State of Louisiana.

o. **Debra Ashmore**, in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

p. **Beth Currie,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

q. **Cecelia Landry,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

r. **Nelma Badon,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

s. **Josephine Himel,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

t. **Nona Prejean,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

u. **Maureen Salas,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana;

v. **Regina Jones,** in her individual and official capacities as a district inspector and employee for the Louisiana State Board of Cosmetology, with information and belief, and is domiciled in the State of Louisiana.

w. **All current and past LSBC inspectors,** in their individual and official capacities as inspectors and employees for the Louisiana State Board of Cosmetology in their respective Districts 1-11, with information and belief, and are domiciled in the State of Louisiana.

3.

Plaintiffs amend and supplement Paragraph 4 of the original complaint to read as follows:

This action is brought by the Plaintiffs on their own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure against Defendants: **Louisiana State Board of Cosmetology; Steve Young**, in his individual and official capacities as Executive Director of the Louisiana State Board of Cosmetology; **Frances Hand,** in her individual and official capacities as Chairman of the Louisiana State Board of Cosmetology; **Michelle Hays, Ira Weber, Tranquilla Hamilton, Caroyn Robicheaux, Geneva Jones, Lora Moreau, Ellza Hebert,** in their individual and official capacities as Board Members of the Louisiana State Board of Cosmetology; **Celia Cangelosi,** in her individual and official capacities as attorney and advisor for the Louisiana State Board of Cosmetology; **Sherrie Stockstill, Magaret Keller, Debra Ashmore, Beth Currie, Cecelia**

6

**Landry, Nelma Badon, Josphine Himel, Nona Prejean, Maureen Salas, Dotrress Cassell, Regina Jones,** in their individual and official capacities as district inspectors and employees for the Louisiana State Board of Cosmetology.

4.

Plaintiffs amend and supplement Paragraph 27 of the original complaint to read as follows:


Upon information and belief, Celia Cangelosi, as an attorney, complaint counsel, and advisor for the Board, is responsible for the implementation of the discriminatory structure of the Board meetings and hearings.  On September 23, 2013 during a Board Hearing, Ms. Cangelosi made intolerant remarks and actions by openly forbidding Mr. Anh Cao, a Vietnamese attorney, from politely asking the interpreter to speak up in order for him and his Vietnamese client to fully understand the questions asked by the complaint counsel.  The Board members and other Board attorneys witnessed her overt discriminatory practice but did nothing to stop Ms. Cangelosi. This event was documented in the Board's records. Furthermore, at the same proceeding, Ms. Cangelosi, even though only acting as an advisor, repeatedly exceeded her authority by making unilateral decisions in the proceedings without first asking for the Board's collective vote. She was not given any presiding authority by the Chair or the Vice-Chair.  To the contrary, the Vice-Chair was present and still permitted Ms. Cangelosi to "run" the meeting according to her preference.  Furthermore, when the complaint counsel, Ms. Sheri Morris, asked for a brief off-the record executive session to resolve the issue with Mr. Cao, Ms. Cangelosi declined to even entertain the idea.  Once again, she did not ask for other Board Members' opinion.

7

Around December of 2013, when Ms. Cangleosi was complaint counsel for hearings on Rule to Show Cause, Ms. Cangleosi had employed her own secretary or clerk as a witness in a case regarding alleged nail salon violations. Upon information and belief, this incident occurred for a Rule to Show Cause involving Plaintiff Mai Thi Nguyen for Nu Nail. She specifically asked her secretary or clerk to enter the Vietnamese-owned salon business to gather evidence for the pending case. In fact, the clerk or secretary was called to testify at the client's Rule to Show Cause Hearing. With information and belief, this was not an isolated incident and the secretary was only asked to target Vietnamese- and Asian-owned salons. Lastly, at almost every single proceeding or hearings, Ms. Cangelosi would repeatedly exclaim the same similar phrase multiple times to the Plaintiff class, "This is America, you need to speak English and follow our rules!"

Upon information and belief, Ms. Cangleosi had knowledge that all or almost all of the alleged violators were of Asian or Vietnamese-descent. As complaint counsel, Ms. Cangelosi was put on reasonable notice of unconstitutional violations when month-by-month violation hearings consisted of almost entirely Vietnamese or Asian names such as: "Nguyen," "Truong," "Dao," "Tran," and "Pham." With belief, Ms. Cangleosi knowingly colluded with Ms. Sherrie Stockstill, Margaret Keller, and other close-by inspectors near the Baton Rouge district, to arbitrarily target these Asian and Vietnamese- salon owners for minor violations.

The Board turned a blind eye even after being put on notice that Ms. Cangleosi was specifically targeting Vietnamese and Asian-owned salon owners for alleged violations and treated Plaintiffs and their attorneys in a discriminatory manner during hearing proceedings. The Board is independently negligent in breaching its duty to the Plaintiff class to recognize its

8

attorney's unlawful actions and failed to take appropriate steps to train, supervise, and oversee the attorneys' conformity with state and federal laws.   Lastly, the Board is vicariously liable for all of their employees' negligent/tortious actions, in particular LSBC inspectors.

5.

Plaintiffs reallege and reaver, as if set forth herein *in extensor*, the allegations of the original complaint for injunctive relief and damages.

6.

**WHEREFORE,** the Plaintiffs, respectfully request that this Honorable Court grant their Unopposed Motion for Leave to File First Amended and Supplemental Complaint for Injuntive Relief and Damages.

**Date: July 28, 2014**

| CERTIFICATE OF SERVICE | RESPECTFULLY SUBMITTED: |
|---|---|
| I do hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. | /s/ Ryan E. Beasley Sr. |
| | Anh Quang Cao (Bar No. 26836) |
| | Ryan E. Beasley Sr. (Bar No. 28492) |
| | **CAO LAW FIRM** |
| | 2439 Manhattan Blvd, Suite 302 |
| | Harvey, Louisiana 70058 |
| /s/ Ryan E. Beasley Sr. | 504.367.5001 |
| | 504.684.1231 (fax) |
| | Email: rbeasley@caolawfirm.com |