UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOA T. NGUYEN, ET AL.                                    CIVIL ACTION

VERSUS

LOUISIANA STATE BOARD OF                                  NO.: 14-00080-BAJ-RLB
COSMETOLOGY, ET AL.

## RULING AND ORDER

Before the Court is Defendant Celia Cangelosi's (Defendant's) **Motion to Disqualify Attorney Ahn Cao as an Advocate at Trial (Doc. 41)**. In this Motion, Defendant avers that Ahn Quang Cao, counsel of record for Plaintiffs, will likely be a necessary witness and is thus barred from acting as an advocate pursuant to Louisiana Rule of Professional Conduct ("LRPC") 3.7. Plaintiffs oppose this Motion. (Doc. 45). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Oral argument is not necessary. For reasons fully explained below, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiffs, on their own behalf and on behalf of a class of those similarly situated, filed suit against Defendants on February 6, 2014. (Doc. 1). Plaintiffs allege that Defendants engaged in racial discrimination in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, and further allege that Defendants committed false imprisonment. Attorney Ryan Beasley, of Cao Law Firm, was the only counsel of record listed on the initial Complaint. Subsequently, on June 19,

1

2014, this Court granted Plaintiffs' motion to enroll attorney Anh Quang Cao, partner of Cao Law Firm, as additional counsel of record for Plaintiffs. (Docs. 32, 33).

On July 30, 2014, Defendant Celia Cangelosi filed the instant Motion seeking to disqualify attorney Ahn Cao from serving as an advocate to Plaintiffs. Defendant Cangelosi moves for the disqualification of Cao from acting as Plaintiffs' advocate, pursuant to LRPC 3.7, due to "[t]he seeming inevitability that Cao will be a necessary witness in this matter." (Doc. 41 at ¶ 7).

Upon being granted leave, Plaintiffs amended and supplemented their initial Complaint on August 13, 2014.[1] (Doc. 44). Plaintiffs then filed a response in opposition to Defendant's instant Motion on August 20, 2014. (Doc. 45).

## II. LEGAL STANDARD

The Fifth Circuit Court of Appeals has held that "disqualification cases are governed by state and national ethical standards adopted by the Court." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (*In re Am. Airlines, Inc.*, 972 F.2d 605, 605 (5th Cir.1992)). Accordingly, at least four ethical canons should be consulted in a district court's consideration of disqualification issues: (1) the local

---

[1] As of the date of the Court's instant Ruling and Order, Plaintiffs are: Thoa Nguyen d/b/a Exotic Nails; Hanh Hoang d/b/a Aloha Nail 2; Hien Hoang d/b/a Magic Nails, Mai Thi Nguyen d/b/a Nu Nails; Le T. Nguyen d/b/a Happy Nails; Thu Thi Mai d/b/a Diamond Nails; Bich N. Lam d/b/a Beauty Nails, and; Uan Cong Pham d/b/a Elegant Nail #2. Dinh Ho d/b/a Visible Nail was listed as a plaintiff in the original Complaint, but this Court granted Plaintiffs' request to voluntarily dismiss Mr. Ho and his entire action on April 14, 2014. (*See* Doc. 15).

Defendants are: Louisiana State Board of Cosmetology ("LSBC"), Steve Young, Frances Hand, Michelle Hays, Ira Weber, Tranquila Hamilton, Carolyn L. Robicheaux, Lora Morea, Geneva Jones, Ellza Jill Hebert, all LSBC past and present Board Members, Celia Cangelosi, Sherrie Stockstill, Margaret Keller, Debra Ashmore, Beth Currie, Cecelia Landry, Nelma Badon, Josephine Himel, Nona Prejean, Maureen Salas, Regina Jones, and all current and past LSBC inspectors. The instant Motion was filed solely by Defendant Celia Cangelosi.

rules of the district; (2) the American Bar Association's (ABA's) Model Rules of Professional Conduct; (3) the state rules of conduct; and (4) the ABA's Model Code. *See id.* at 1312.

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). "Federal courts may adopt state or ABA rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law." *In re Am. Airlines*, 972 F.2d at 610.

When a motion to disqualify is lodged by an opposing party, as in the instant case, disqualification "presents a palpable risk of unfairly denying a party the counsel of his choosing." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d at 1316. Thus, the Fifth Circuit has held that "notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification . . . is a sanction that must not be imposed cavalierly." *Id.* "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Id.* at 1314.

### III. DISCUSSION

Defendant argues that attorney Cao's continued representation of Plaintiffs would violate the LRPC. The Middle District of Louisiana has specifically adopted the LRPC in its Local Rules. *See* LR 83.2.4. Local rules, however, are "not the 'sole' authority governing motions to disqualify counsel" and "[t]he norms embodied in

the Model Rules and the Model Code are relevant." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d at 1312.

Regarding the lawyer as witness, LRPC 3.7 provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

The purpose of the rule is "to avoid jury confusion at trial. It does not automatically require that a lawyer be disqualified from pretrial activities, such as participating in strategy sessions, pretrial hearings, settlement conferences, or motions practice." *CEF Funding, L.L.C. v. Sher Garner Cahill Richter Klein & Hilbert, L.L.C.*, No. CIV.A. 09-6623, 2010 WL 2773116, at *2 (E.D. La. July 9, 2010). To the extent that Defendant directs this Court to state court decisions permitting a more expansive conception of the term "trial" under LRPC 3.7, the interpretations of Louisiana state courts are not binding on this Court. This Court must interpret relevant ethical standards for attorney disqualification in accordance with federal law. *See In re Am. Airlines*, 972 F.2d at 610. Thus, this Court rejects Defendant's argument that disqualification applies to attorney representation beyond trial and any pretrial proceedings that "carry the risk of revealing the attorney's dual role to the jury."[2]

---

[2] *Spotted Cat, LLC v. Bass*, No. CIV.A. 13-6100, 2014 WL 4072024, at *4 (E.D. La. Aug. 18, 2014) ("The plain text of Rule 3.7 disqualifies an attorney only from acting as an advocate at trial. Additionally, courts have consistently limited exclusions under Rule 3.7 to trial and any pretrial activities which carry the risk of revealing the attorney's dual role to the jury.").

4

Having established the purpose of attorney disqualification, the Court now discusses the two contested aspects of LRPC 3.7's applicability to the instant matter: (1) whether attorney Cao is a "necessary witness," and (2) whether Cao's disqualification "would work substantial hardship on the client."

### A. Necessary Witness

Defendant argues that attorney Cao is likely to be a necessary witness in the trial of this matter, specifically because Plaintiffs' claim that during a LSBC hearing, Defendant "effectively denied Mr. Cao the proper tools to advocate for his Vietnamese-speaking client." (Doc. 20 at p. 20). Defendant asserts that "the most likely, if not the only, witness regarding whether Cao was denied the 'proper tools' to advocate and whether those tools were 'effectively denied' is Cao." (Doc. 41-1 at p. 2). Further, Defendant provides an exhibit, a copy of Plaintiffs' Initial Disclosures, in which Cao is listed as a "Third-Party Witness" under "Individuals Likely to Have Discoverable Information that May Be Used to Support Plaintiffs' Claims." (Doc. 41-2 at p. 3).

"A lawyer is not likely to be a necessary witness when evidence pertaining to each matter to which he could testify is available from another source." *United States v. Starnes*, 157 F. App'x 687, 693–94 (5th Cir. 2005) (internal quotation marks omitted). *See also Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (concluding that lawyer was not a necessary witness because lawyer's potential testimony was cumulative of other witnesses' potential testimony).

5

Here, Defendant objects to attorney Cao's representation of Plaintiffs based on Cao's potential testimony regarding a LSBC hearing that took place in September 2013, during which Plaintiffs allege that Defendant Cangelosi, *inter alia*, prohibited Cao from speaking to a witness and rephrased Cao's questions to witnesses. (*See* Doc. 1-1 at p. 18; Doc. 20 at pp. 19–20). The Court is not convinced that, at a trial, Plaintiffs could not elicit the testimony they seek regarding the relevant LSBC hearing proceedings from Plaintiffs themselves or from LSBC board members. Plaintiffs have identified several witnesses with personal knowledge of the September 2013 hearing proceedings, including: "Board Members, the complaint counsel Sheri Morris, attorney Mark Falcon, the LSBC's staff/witnesses, the Executive Director, other alleged violators." (Doc. 45-1 at pp. 4–5). Based on the proffered potential testimony of attorney Cao, coupled with what appear to the Court to be several other potential witnesses who would render Cao's testimony cumulative, the Court finds that Cao is not likely to be a necessary witness in this matter.

### B. Substantial Hardship on Client

Defendant further asserts that none of the exceptions under the LRPC applies. Specifically, Defendant argues that Cao's disqualification would not work substantial hardship on Cao's clients, Plaintiffs.[3] Defendant argues that attorney Ryan Beasley, who is listed as counsel on the initial Complaint, would still be

---

[3] Defendant marshals a Louisiana Civil Law Treatise section to argue that application of the substantial hardship exception is inappropriate in this case. (*See* Doc. 41-1 at p. 5). Defendant, however, has not directed the Court to any binding federal law in support of her position on the issue of substantial hardship, under the facts *sub judice*.

6

available to handle the case and that "Cao's later enrollment indicates that the Plaintiffs are not losing their first choice for counsel." (Doc. 41-1 at pp. 7–8). In response, Plaintiffs argue that they would face substantial hardship in securing replacement counsel, should Cao be disqualified, in part due to Cao's fluency in both English and Vietnamese, which is particularly important for client communication with Plaintiffs who have limited English-speaking and English-writing skills. Beyond that, Plaintiffs contend that Cao is a "leading figure on human rights advocacy" and they note Cao's stature as a leader and as an attorney within the Vietnamese-American community. (Doc. 45-1 at pp. 2, 7).

Plaintiffs argue, upon their information and belief, that there are "a handful" of attorneys registered to appear before this Court who are fluent in both Vietnamese and English. Plaintiffs also represent to this Court that there is a "high possibility" that attorney Beasley will soon withdraw as counsel for Plaintiffs. (Doc. 45-1 at pp. 7–8).

Under the prevailing standard of the Fifth Circuit, the Court must analyze the issue of disqualification with "meticulous deference to the litigant's rights." *See FDIC v. U.S. Fire Ins. Co.*, 50 F.3d at 1314. The Court finds that Plaintiffs have made an adequate showing that they would face substantial hardship in attempting to secure new counsel who is registered to appear before this Court, possesses bilingual fluency, and has a reputation comparable to that of Plaintiffs' counsel of choice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Cangelosi's **Motion to Disqualify Attorney Ahn Cao as an Advocate at Trial (Doc. 41)** is **DENIED WITHOUT PREJUDICE**. Defendant may re-file at a later date her motion to disqualify attorney Cao as an advocate, should discovery reveal a new and valid basis to argue that attorney Cao is likely to be a necessary witness and that Cao's disqualification would not work a substantial hardship on Plaintiffs.

Baton Rouge, Louisiana, this 2nd day of December, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA