UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOA T. NGUYEN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-80-BAJ-RLB** |
| **LOUISIANA STATE BOARD OF COSMETOLOGY, et al.** | |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Before the Court is a Motion to Compel (R. Doc. 83) filed by Defendant Celia Cangelosi ("Cangelosi"), on September 8, 2015. Cangelosi seeks an order compelling Plaintiff Uan Cong Pham d/b/a Elegant Nails #2 ("Pham") to fully respond to her Interrogatories Nos. 4, 15, and 17, and Requests for Production Nos. 1, 2, 3, 4, 6, 10, 11, 12, 13, 27, 28, and 29.

Any opposition to this Motion was required to be filed within 21 days after service of the Motion. L.R. 7(f). Pham has not filed an opposition as of the date of this Order. The Motion is therefore unopposed.

**I.   BACKGROUND**

This is a suit for constitutional violations made actionable by 42 U.S.C. § 1983, seeking damages and injunctive relief. (Compl., R. Doc. 1-1); (Amended Compl., R. Doc. 44). The Plaintiffs in this action are Asian-American and/or Vietnamese-American salon owners in Louisiana who allege that they "have been harassed, intimidated, falsely imprisoned, and arbitrarily discriminated against or racially profiled based on their race, ethnicity, or national origin by the Louisiana State Board of Cosmetology and/or its agents." (R. Doc. 1-1 at 4).

Pham is the owner "Elegant Nails 2" in Lafayette, Louisiana. (R. Doc. 1-1 at 13). He claims that on August 28, 2013, Defendant Sherri Stockstill, an inspector for the Louisiana State Board of Cosmetology ("LSBC"), entered his salon to conduct an inspection. (R. Doc. 1-1 at 13). According to the Complaint, Ms. Stockstill "gave no prior notice, showed no identification, and was disrespectful towards [Plaintiff] and other patrons." (R. Doc. 1-1 at 13). Upon completing the inspection, Pham was issued a citation for waxing equipment. (R. Doc. 1-1 at 13). Although Pham disagreed that any violation occurred, "he felt pressured by Ms. Stockstill to sign" the citation. (R. Doc. 1-1 at 13).

Following the inspection, Pham alleges that he contacted Cangelosi, the attorney for LSBC, to contest the citation and deny any wrongdoing, and she instructed him Pham to pay the violation fees, or he would "be summoned to a Rule to Show Cause hearing" before the LSBC. (R. Doc. 1-1 at 13). Pham contends that prior to August 28, 2013, his salon had not been cited by LSBC for any violations, and since then, he has "seen a decline in patrons." (R. Doc. 1-1 at 14). Pham believes the inspection and resulting citation were racially motivated. (R. Doc. 1-1 at 14).

On February 6, 2014, Pham and the other Plaintiffs filed the instant suit claiming that they are being "subjected to disproportionate and heightened inspections by the [LSBC] as compared to non-Vietnamese and non-Asian salon owners." (R. Doc. 1-1 at 15). Although they were cited for violations of facially-neutral laws, Plaintiffs contend that the LSBC has nonetheless violated the equal protection clause of the Fourteenth Amendment by applying and administering those laws "in a prejudicial and discriminatory manner towards the Plaintiff class." (R. Doc. 1-1 at 15). Plaintiffs allege that Cangelosi is "responsible for implementation of the discriminatory structure of the Board . . . ." (R. Doc. 1-1 at 17).

On March 31, 2015, Cangelosi served Pham with its first Requests for Admission, Interrogatories, and Requests for Production of Documents. (R. Doc. 83-3). Pham responded to the discovery on June 1, 2015. (R. Doc. 83-4). Cangelosi's counsel wrote to Pham on June 3, 2015, complaining of deficiencies in Pham's responses. (R. Doc. 83-5). On June 4, 2015, the parties held a telephone conference to discuss and potentially resolve the deficiencies cited in Cangelosi's letter. (R. Doc. 83-1 at 2); (R. Doc. 83-6). According to Cangelosi, Plaintiffs' counsel agreed to supplement their discovery responses by either June 10, 2015 or June 11, 2015. (R. Doc. 83-1 at 2-3); (R. Doc. 83-6). Defendant contends that Pham did not provide supplemental responses as promised. (R. Doc. 83-1 at 3); (R. Doc. 83-6).

On June 18, 2015, Cangelosi served Pham with a Rule 45 subpoena ducus tecum commanding him to appear for a deposition on July 7, 2015 and to also bring "all documentation requested in discovery." (R. Doc. 83-7). Cangelosi asserts that Pham appeared for his deposition on July 8, 2015 and produced 2013 and 2014 federal tax returns. (R. Doc. 83-1 at 3); (R. Doc. 83-8 at 5-6). On August 11, 2015, Cangelosi's counsel wrote to Pham to again address the deficiencies in his discovery responses and to set a conference call for August 13, 2015. (R. Doc. 83-9). Cangelosi's counsel states in an e-mail correspondence that during the conference call on August 13, 2015, Plaintiff's counsel represented that Pham would provide supplemental discovery responses by September 3, 2015. (R. Doc. 83-10).

After Pham failed to provide any supplemental responses by September 3, 2015, Cangelosi filed the instant Motion to Compel. (R. Doc. 83-1). Cangelosi summarizes the outstanding discovery as concerning: "(i) the opening of Elegant Nails #2, (ii) inspections of Elegant Nails #2 at any time, (iii) the inspection of Elegant Nails #2 on August 28, 2013, and (iv) the alleged 'decline in patrons' alleged by Elegant Nails #2." (R. Doc. 83-1 at 1).

3

## II.     LAW AND ANALYSIS

### A.     Legal Standards

Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." To be relevant, "information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The scope of discovery is not without limits, however, and the court may protect a party from responding to discovery when: (i) it is unreasonably cumulative or duplicative, or obtainable from some other less-burdensome source; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories.  A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  "If the answer to an interrogatory may be determined by examining . . . a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items.  A party seeking discovery must serve a request for production on the party

believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

A party may withhold information which would be otherwise discoverable on the basis of privilege. Fed. R. Civ. P. 26(b)(1). A party withholding information on the basis of privilege must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5).

**B.     Discovey Requests at Issue**

**1.     Discovery Regarding the Opening of Elegant Nails #2**

Request for Production Nos. 1, 2, and 3 request Pham to produce documents relating to the acquisition of, leasing of space for, and opening of Elegant Nails #2. The discovery requests and responses are as follows:

> **REQUEST FOR PRODUCTION NO. 1:**
> All documents relating to you buying or otherwise acquiring Elegant Nails #2. This request includes, but is not limited to, documents sufficient to show when you bought or otherwise acquired Elegant Nails #2.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO.1:**
> Objection. Irrelevant. Plaintiffs request is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, I answer as follows: I will supplement in the future.

5

>**REQUEST FOR PRODUCTION NO. 2:**
>All documents relating to you leasing the space for Elegant Nails #2. This request includes, but is not limited to, documents sufficient to show when you leased space for Elegant Nails #2.
>
>**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
>Objection. Irrelevant. Plaintiffs request is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, I answer as follows: I will supplement in the future.
>
>**REQUEST FOR PRODUCTION NO. 3:**
>All documents that pertain or relate to the opening of Elegant Nails #2. This request includes, but is not limited to, documents sufficient to show when Elegant Nails #2 first opened for business.
>
>**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
>Objection. Irrelevant. Plaintiffs request is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, I answer as follows: I will supplement in the future.

(R. Doc. 83-3 at 15); (R. Doc. 83-4 at 12).

Pham has provided no arguments in support of his objections. The court finds the foregoing requests seek basic information relevant to the claims and defenses in this action, including Pham's economic interests in Elegant Nails #2 and its period of operation. This information is also relevant to, among other things, Pham's claim that prior to the inspection on August 28, 2013, he "has never been cited by the LSBC for any violations," as well as his claim that the inspection had an adverse effect on Pham's business. (R. Doc. 1-1 at 14).

Pham shall provide supplement his response to Request for Production Nos. 1, 2, and 3 without further objection.

###### 2. Discovery Regarding Inspections at Elegant Nails #2

Request for Production No. 4 requests Pham to produce documents relating to LSBC inspections of Elegant Nails #2. The discovery request and response are as follows:

**REQUEST FOR PRODUCTION NO. 4:**
All documents that pertain or relate to any inspection by LSBC of Elegant Nails #2 at any time.  This request includes the inspection of Elegant Nails #2 on or about August 28, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
Objection. The information sought in this discovery request is equally available to the propounding party. Without waiving any objections, I answer as follows: I will send in my violation payments. If more become available, I will supplement in the future.

(R. Doc. 83-3 at 15); (R. Doc. 83-4 at 13).

Pham has provided no arguments in support of his objection.  This discovery request seeks information relevant to Pham's claims that he was subjected to disproportionate and heightened inspections because of his race.  While Cangelosi may be able to obtain some of the requested documents through other sources such as the LSBC, that does not preclude her from seeking those documents from Pham or require her to attempt to obtain them elsewhere. Considering the allegations in this action, discovery of the nature of documents in Pham's possession, custody, and control is itself relevant and Pham may have responsive documents that are only in his custody such as correspondences or notes by Pham regarding LSBC inspections of Elegant Nails #2.

Pham shall provide supplement his response to Request for Production No. 4 without further objection.

### 3. Discovery Regarding the August 28, 2013 Inspection

Interrogatory No. 4 and Request for Production No. 6 seek information regarding persons present at the August 28, 2013 inspection.  The discovery requests and responses are as follows:

**INTERROGATORY NO. 4:**
Identify all persons who were present during the inspection at Elegant Nails #2 on August 28, 2013.

7

**RESPONSE TO INTERROGATORY NO. 4:**
There were about 3-4 customers present.

**REQUEST FOR PRODUCTION NO. 6:**
Documents sufficient to show the names, addresses, telephone numbers, and contact information of all persons working at Elegant Nails #2 on August 28, 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
See responses to Interrogatories for list of names. I will supplement with additional information in the future.

(R. Doc. 83-3 at 12, 16); (R. Doc. 83-4 at 6, 13).

In light of the definition of "identify" in Cangelosi's Interrogatories, Pham's response to Interrogatory No. 4 is insufficient. (*See* R. Doc. 83-3 at 4). Based on information and documents in his possession, custody, or control, including but not limited to credit card receipts, Pham shall supplement his response by providing following information regarding to the 3-4 customers present during the August 28, 2013 inspection: the person's full name, employer, title, job description, business and home addresses, and business and home telephone numbers. To the extent Pham does not have in his possession, custody, or control such information, he shall provide so in a supplemental response.

Similarly, Pham shall provide the addresses, telephone numbers, and contact information of all persons identified to have been working at Elegant Nails #2 on August 28, 2013. To the extent Pham does not have in his possession, custody, or control such information, he shall provide so in a supplemental response.

### 4. Discovery Regarding Inspections at Elegant Nails #2

Interrogatory Nos. 15 and 17, and Requests for Production Nos. 10, 11, 12, 13, 27, 28, and 29, seek information regarding the alleged "decline in patrons" at Elegant Nails #2 since the August 29, 2013 inspection. The discovery requests and responses are as follows:

**INTERROGATORY NO. 15:**

From the opening of Elegant Nails #2 until the present, state the weekly and monthly number of patrons who have come to Elegant Nails #2 for nail and/or skin services.

**RESPONSE TO INTERROGATORY NO. 15:**

I did not count or recall the number of patrons in the past. After careful review of my documents, I will supplement in the future.

**INTERROGATORY NO. 17:**

For each month since its opening, state the gross monthly revenues of Elegant Nails #2.

**RESPONSE TO INTERROGATORY NO. 17:**

I need to check on the bank statement. I will supplement my financial records in the future.

**REQUEST FOR PRODUCTION NO. 10:**

All documents which pertain or relate to any damages that you contend you have suffered as a result of the alleged wrongful conduct by the defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

I will supplement in the future my financial statements of loss and tax returns.

**REQUEST FOR PRODUCTION NO. 11:**

All documents which show the weekly and monthly number of patrons who came to Elegant Nails #2 for nail and/or skin services from its opening to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

I will supplement in the future my financial statements of loss and tax returns.

**REQUEST FOR PRODUCTION NO. 12:**

All documents which pertain or relate to the gross monthly revenues of Elegant Nails #2 from its opening until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

I will supplement in the future my financial statements of loss and tax returns.

**REQUEST FOR PRODUCTION NO. 13:**

All documents which pertain or relate to the profits of Elegant Nails #2 from its opening until the present. Please include in your response documents showing the expenses of Elegant Nails #2 from its opening until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
I will supplement in the future my financial statements of loss and tax returns.

**REQUEST FOR PRODUCTION NO. 27:**
Your federal and state income tax returns from the year in which Elegant Nails #2 opened for business under your ownership through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**
I will supplement in the future.

**REQUEST FOR PRODUCTION NO. 28:**
Your financial statements from the year in which Elegant Nails #2 opened for business through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**
I will supplement in the future.

**REQUEST FOR PRODUCTION NO. 29:**
Any document which allegedly establishes or shows the damages claimed by you in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**
I will supplement in the future.

(R. Doc. 83-3 at 13, 16, 17, 19, 20); (R. Doc. 83-4 at 9, 14, 17, 18).

In short, Pham provides no objections to these discovery requests and simply asserts that responses and/or documents would be provided in the future. These discovery requests were propounded on or about March 31, 2015. (R. Doc. 83-3). Pham provided these responses on June 1, 2015. (R. Doc. 83-4). Pham shall provide complete responses to these discovery requests, without further objection. To the extent Pham does not have the information and/or documents requested in his possession, custody, or control, he shall provide so in a supplemental response.

**C.     Expenses**

"If [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard,

require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The court must not order this payment, however, if the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Pham has failed to submit any opposition to the instant motion. The court concludes that it must award reasonable expenses to Cangelosi for bringing the instant motion, including attorney's fees.  Pham's failure to fully respond to the discovery requests at issue was not substantially justified and the award of expenses will not be unjust.  Cangelosi did not submit anything to support an award of a particular amount of expenses and attorney's fees.  A review of the motion and memorandum supports an amount of $250.00.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Celia Cangelosi's Motion to Compel (R. Do. 83) is **GRANTED**.  Plaintiff Uan Cong Pham shall provide supplemental responses to Cangelosi's Interrogatories Nos. 4, 15, and 17, and Requests for Production Nos. 1, 2, 3, 4, 6, 10, 11, 12, 13, 27, 28, and 29 **on or before October 16, 2015**.

**IT IS FURTHER ORDERED** Plaintiff Pham shall pay Defendant Celia Cangelosi $250 in expenses for having to bring the instant motion **on or before October 16, 2015**.

Signed in Baton Rouge, Louisiana, on October 7, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE