UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOA T. NGUYEN, et al. | CIVIL ACTION |
| VERSUS | NO. 14-80-BAJ-RLB |
| LOUISIANA STATE BOARD OF COSMETOLOGY, et al. | |

# ORDER

Before the Court is Defendant Celia Cangelosi's (Defendant) Motion for Sanctions, filed against Plaintiff, Uan Cong Pham (Plaintiff), on October 19, 2015. (R. Doc. 89). Plaintiff filed an Opposition in response to the Motion on October 28, 2015. (R. Doc. 95). A hearing was held before the Court on October 30, 2015, at which the parties presented oral argument on the Motion for Sanctions. (R. Doc. 100).

In her Motion, Defendant claims that Plaintiff failed to comply with the Court's October 7, 2015 Order requiring Plaintiff to (1) provide supplemental responses to certain Interrogatories and Requests for Production; and (2) pay Defendant $250.00 in reasonable expenses by October 16, 2015. (R. Doc. 87).

In his Opposition, Plaintiff does not contest Defendant's claim that he failed to pay Defendant $250.00 in reasonable expenses or supplement any of his discovery responses by October 16, 2015, as required by the Court's Order.  Instead, Plaintiff explains that

supplemental responses[1] to Defendant's Requests for Production were eventually provided on October 23, 2015. (R. Doc. 95-1 at 2-3); (R. Doc. 95-3). Plaintiff's supplemental responses did not indicate the particular Requests for Production to which any of the newly produced documents were responsive. (R. Doc. 95-1 at 2-3); (R. Docs. 95-3, 95-4, 95-5, 95-6). The Court notes that Plaintiff's supplemental production of documents does not negate his failure to comply with the Court's Order or preclude application of the sanctions and expenses provided for in Rule 37(b)(2)(A) and (C).

As relief, Defendant first requests dismissal of Plaintiff's claims pursuant to Rule 37(b)(2)(A)(v), or in the alternative, Defendant asks that Plaintiff be precluded from "introducing any evidence in support of his claims pursuant to Rule 37(b)(2)(A)(ii)." (R. Doc. 89 at 1). As Plaintiff bears the burden of proof, dismissing a party's claims with prejudice and precluding a party from presenting any evidence in support of those claims are one and the same. Second, Defendant seeks an order requiring Plaintiff to pay Defendant's reasonable expenses and attorney's fees incurred as a result of Plaintiff's failure to comply. (R. Doc. 89 at 1).

Rule 37(b)(2)(A) authorizes a court to dismiss claims with prejudice for failure to comply with a discovery order, but only when the noncompliance results "from willfulness or bad faith, and not from the inability to comply." *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989). The Rule otherwise allows the court to impose lesser sanctions while concurrently awarding expenses, neither of which require a showing of willfulness. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Ultimately, the district court "has broad discretion . . . to fashion remedies suited to the misconduct," *Pressey v. Patterson*, 898 F.2d

---

[1] The sufficiency of Plaintiff's supplemental production of documents is not before the Court and is therefore not addressed by the current Order.

1018, 1021 (5th Cir. 1990), and is permitted to "rely on its complete understanding of the parties' motivations." *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998).

Concerning Defendant's first request for relief, the Court made clear during the hearing that it would not, in connection with the instant Motion, recommend dismissal of Plaintiff's claims or preclude Plaintiff from presenting evidence in support of his claims. (R. Doc. 100 at 2).

Defendant's remaining request for relief is an order holding Plaintiff in contempt and awarding reasonable expenses and attorney's fees incurred as a result of Plaintiff's failure to comply with the Court's October 7, 2015 Order. (R. Doc. 89-2); (R. Doc. 103). Defendant does not make any specific argument in support of contempt and seemingly treats monetary contempt sanctions under Rule 37(b)(2)(A)(vii) and an award of reasonable expenses under 37(b)(2)(C) as one and the same. Therefore, the Court will not issue an order holding Plaintiff in contempt, but does find Defendant entitled to some reimbursement of reasonable expenses under Rule 37(b)(2)(C). Plaintiff does not contest the reasonableness of the amount of fees requested. Instead, Plaintiff argues that the Court "should not impose any type of sanctions" against Plaintiff — monetary or otherwise — because he "was not acting in bad faith." (R. Doc. 95-1 at 8).

Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders" listed under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Contrary to Plaintiff's argument, the imposition of expenses is not dependent on a showing of willfulness or bad faith. Rather, expenses are mandatory under Rule 37(b)(2)(C) unless Plaintiff's failure to comply was substantially justified. "The burden is on the disobedient party to show that the

otherwise mandatory award of expenses should not be made." *Blessey Marine Services, Inc. v. Jeffboat, LLC*, 2011 WL 3349844, at *6 (E.D. La. Aug. 3, 2011).

In his Opposition, Plaintiff explains that the Court's Order was not complied with, in part, because the supplemental responsive documents "took a tenuous amount of work and time" to hand copy, and thus were not provided to Defendant until October 23, 2015. (R. Doc. 95-1 at 2). However, those documents were originally requested on March 31, 2015, and Plaintiff's excuse is insufficient to show that his failure to comply was substantially justified.[2] Moreover, Plaintiff failed to comply with other portions of the Court's Order to supplement his Responses to Interrogatory Nos. 4, 15 and 17 and to pay $250.00 in reasonable expenses to Defendant. Given the circumstances, the Court finds Plaintiff's failure was not substantially justified and that no other exceptions apply that would make an award of expenses unjust. Therefore, the Court must award reasonable expenses and attorney's fees under Rule 37(b)(2)(C).

In an Affidavit attached to the Motion, Defendant's attorney indicates that he "expended approximately 3 hours in researching, drafting, revising and finalizing the motion for sanctions, supporting memorandum, proposed order, and th[e] affidavit . . . " at a rate of $180.00 per hour, for a total of $540.00. (R. Doc. 89-2 at 2). Plaintiff objected to the reasonableness of the requested fee in response to the supplemental affidavit submitted after the hearing.

After reviewing the Motion, Plaintiff's response, and the documents filed in the record, the Court finds that both the amount of time expended and the hourly rate charged are reasonable. *See Moore v. United Parcel Service Co. of Delaware*, 2013 WL 2018117, at *1-2 (M.D. La. May 13, 2013) (holding defendant's counsel's hourly rate of $195.00 was reasonable based on counsel's affidavit, the fees awarded by the Court in other matters and plaintiff' failure

---

[2] The sufficiency of Plaintiff's supplemental document production is not before the Court.

to contest the fee amount when given the opportunity).  Although Defendant did not submit billing records or a breakdown of the time associated with the various tasks referenced in the affidavit, the Court's review of the Motion easily supports a finding that 3 hours of time is reasonable.

At the Court's request, Defendant submitted a post-hearing affidavit evidencing any reasonable attorney's fees and expenses incurred in connection with the hearing. (R. Doc. 101); (Aff., R. Doc. 103). In his supplemental affidavit, defense counsel reports 3.20 hours of work performed in connection with the hearing at a rate of $180.00 per hour. (R. Doc. 103 at 2).[3] After reviewing the accompanying billing records, the Court agrees with Plaintiff (R. Doc. 108-1 at 3) that .40 of the 3.20 hours are not compensable.  That time was spent meeting with another attorney after the hearing and most of the discussion was not a consequence of Plaintiff's failure to comply with the Court's Order. (R. Doc. 103 at 3) (meeting after the hearing to "discuss arguments, LSBC discovery responses, motions for summary judgement based on prescription, and other issues.").  Therefore, the Court finds Defendant entitled to an additional award of $504.00 in reasonable attorney's fees for 2.8 hours of work performed in connection with the hearing.

During the hearing, Plaintiff's attorney, on three occasions, took responsibility for Plaintiff's failure to comply with the Court's discovery Order.  Rule 37(b)(2)(C) gives the Court broad discretion in choosing whether to impose sanctions against the "disobedient party, the attorney advising that party, or both." Fed. R. Civ. P. 37(b)(2)(C); *see also Devaney v.*

---

[3] Plaintiff suggests that Defendant not be compensated for any of the time spent reviewing Plaintiff's Opposition to the Motion prior to the hearing. (R. Doc. 108-1 at 3).  In support of his suggestion, Plaintiff claims that opposing counsel indicated that he "did not [have] sufficient time to review the opposition memo, therefore Plaintiff wonder [sic] why it was billed as 'before' the hearing, but not 'after' the hearing." (R. Doc. 108-1 at 3).  The Court, however, is unaware of any statement or indication that counsel did not review the Opposition, at all, before the hearing.  In fact, counsel discussed during the hearing Plaintiff's First Amendment argument raised in his Opposition.

*Continental American Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (court has broad discretion to impose sanctions against attorneys under Rule 37 because "when an attorney advises a client in discovery matters, he assumes a responsibility . . . and may be held accountable for positions taken or responses filed during that process"). Given the representations made by Plaintiff's counsel and the Court's discretion under Rule 37, the Court finds counsel for Plaintiff responsible for paying the expense award.

For the reasons given above,

**IT IS ORDERED** that Defendant's Motion for Sanctions (R. Doc. 89) is **DENIED in part** to the extent Defendant seeks an order dismissing Plaintiff's cause of action or precluding Plaintiff from introducing any evidence in support of his claims.

Defendant's Motion is otherwise **GRANTED** as it relates to an award of **reasonable expenses** under Rule 37(b)(2)(C). The Court **ORDERS the Cao Law Firm and the attorneys of record for Plaintiff Pham** to pay Defendant Cangelosi **$1,044.00** in reasonable attorney's fees within **45 days** of this Order.

Signed in Baton Rouge, Louisiana, on January 5, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**