UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOA T. NGUYEN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-80-BAJ-RLB** |
| **LOUISIANA STATE BOARD OF COSMETOLOGY, et al.** | |

# ORDER

Before the Court is a Motion for Sanctions filed by Defendant Celia Cangelosi (Cangelosi) and the LSBC Defendants on October 12, 2015. (R. Doc. 88). Defendants seek an order imposing sanctions against Plaintiff, Mai Nguyen (Plaintiff), pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Plaintiff filed an Opposition in response to the Motion on October 28, 2015. (R. Doc. 93). A hearing was held before the Court on October 30, 2015, at which the parties presented oral argument on the Motion for Sanctions. (R. Doc. 100).

In their Motion, Defendants claim that Plaintiff has, in several respects, "failed to participate in discovery" and that this failure warrants sanctions. (R. Doc. 88 at 1). Specifically, Defendants claim that Plaintiff failed to participate in discovery by: (1) providing incomplete and evasive responses to Defendant Cangelosi's discovery requests; (2) failing to provide any responses to the LSBC Defendants' Interrogatories and Requests for Production; and (3) failing to appear for her September 28, 2015 deposition. As relief, Defendants seek an order of sanctions dismissing Plaintiff's claims or, in the alternative, precluding Plaintiff from presenting any evidence in support of her claims. Defendants additionally ask for reasonable expenses and attorneys' fees incurred because of Plaintiff's discovery failures.

**I.     APPLICABLE LAW**

Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to appear for his or her properly noticed deposition or who fails to answer properly served discovery requests under Rules 33 and 34. Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii).  Rule 37(d) sanctions are available without a prior court order and may "include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d).  Relevant here, Rule 37(b)(2)(A)(v) provides for an order dismissing a party's cause of action in whole or in part.  However, a court may only order dismissal when the party's failure results "from willfulness or bad faith, and not from the inability to comply." *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989).  "Instead of or in addition to these sanctions," the disobedient party must pay the reasonable expenses caused by the failure regardless of any bad faith, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**II.    DISCUSSION**

    **A.     Dismissal of Plaintiff's Claims**

Pursuant to Rule 37(d), Defendants first ask the Court to either dismiss Plaintiff's claims or preclude her from presenting any evidence in support of those claims.  Because Plaintiff bears the burden of proof, dismissing Plaintiff's claims and precluding her from presenting evidence in support of her claims are one and the same.  The Court made clear during the hearing that it would not, in connection with the instant Motion for Sanctions and at this stage of the litigation, recommend dismissal of Plaintiff's cause of action.  Therefore, to the extent Defendants' seek an order dismissing Plaintiff's entire cause of action, the Motion for Sanctions in **DENIED**.

### B. Reasonable Expenses

Defendants' remaining request is for an award of reasonable expenses and attorneys' fees under Rule 37(d)(3) incurred as a result of Plaintiff's failure to respond to the LSBC Defendants' discovery, supplement her responses to Cangelosi's discovery, or appear at her September 28, 2015 deposition. Plaintiff, however, argues that the imposition of sanctions would be unjust as she did not act in bad faith and Defendants cannot show any resulting prejudice. Contrary to Plaintiff's argument, the imposition of expenses under Rule 37(d)(3) is neither a sanction nor is it dependent on a showing of willfulness or bad faith. Rather, expenses should be awarded unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

It is undisputed that Plaintiff did not attend her September 28, 2015 deposition, or respond to the LSBC Defendants' discovery requests before the Motion was filed, and that both of these failures are covered by Rule 37(d)(1)(A) and Rule 37(d)(3). Plaintiff had also not supplemented her allegedly incomplete responses to Cangelosi's discovery when the Motion was filed. Therefore, where Rule 37(d) applies, the Court must determine whether Plaintiff's conduct was substantially justified or whether an award of expenses would be unjust.

#### i. Plaintiff's Deposition

Plaintiff failed to attend her deposition on September 28, 2015 because she "arrived home late the previous night and had to care for her two grandchildren." (R. Doc. 93-1 at 9); (R. Doc. 88-32) (Proces-Verbal taken on September 28, 2015). According to Plaintiff: "To make up, Plaintiff Mai Nguyen agreed that she will 'attend the next one' . . . ." (R. Doc. 93-1 at 9).

Although Plaintiff cites her late arrival home on September 27, 2015 as an excuse for missing her deposition scheduled for the following morning, she did not inform her attorney of

this until the morning of her deposition. By that time, Plaintiff's attorney was well on his way to Baton Rouge from New Orleans to attend the 10:00 a.m. deposition. Plaintiff's conduct also deprived her attorney of sufficient time to tell Defendants' counsel of her non-appearance before the 10:00 a.m. deposition, resulting in attorneys' fees, court reporter expenses and interpreter expenses being incurred by Defendant.

Ultimately, the explanations provided by Plaintiff do not change the fact that she made a conscious decision not to attend her deposition on September 28, 2015. Moreover, before September 28, 2015, Plaintiff's deposition had been previously scheduled on 3 different occasions. (R. Doc. 88-23) (noticing Plaintiff's deposition for July 8, 2015); (R. Doc. 88-25) (noticing Plaintiff's deposition for August 27, 2015); (R. Doc. 88-27) (noticing Plaintiff's deposition for September 17, 2015); (R. Doc. 88-31) (noticing Plaintiff's deposition for September 28, 2015). The record further indicates that Plaintiff cancelled two of her three previously set depositions. (R. Doc. 88-26) (email from Plaintiff's counsel cancelling her August 27, 2015 deposition); (R. Doc. 88-28) (email from Plaintiff's counsel cancelling her September 17, 2015 deposition asking that it be reset for the end of September). Finally, the record shows that on September 28, 2015, the parties agreed to reschedule Plaintiff's deposition for the following week — presumably October 6, 2015. (R. Doc. 88-22); (R. Doc. 93-3 at 2-3); (R. Doc. 93-1 at 2-3). This agreement was contingent on Plaintiff producing any outstanding documents requested by Cangelosi and the LSBC Defendants before October 2, 2015. (R. Doc. 88-22). On October 5, 2015, however, the deposition was cancelled after Plaintiff's counsel informed Defendants that Plaintiff would not be producing any additional documents because she had none in her possession. (R. Doc. 93-3 at 2-3).

Considering Plaintiff's explanations for not attending her September 28, 2015 deposition, and the parties' other attempts to schedule Plaintiff's deposition, the Court finds that her failure to appear was not substantially justified and, under the circumstances, an award of expenses would not be unjust. Therefore, Defendants' Motion for Sanctions is **GRANTED** to the extent Defendants seek an award of reasonable attorneys' fees and expenses resulting from Plaintiff's failure to attend her deposition. Plaintiff will be responsible for paying the total amount of fees assessed in connection with her failed deposition.

In connection with expenses incurred for Plaintiff's deposition, the LSBC Defendants have presented billing invoices showing that they incurred a total $697.38 in costs for the following expenses: (a) $100.00 – Baton Rouge Bar Association (2 payments of $50.00 made to secure locations for September 28th and October 6th depositions); (b) $455.98 – Interpreter; and (c) $141.40 – Court Reporter. (R. Doc. 88-1 at 20); (R. Docs. 88-36 – 88-39). Additionally, Defendant Cangelosi has provided billing invoices indicating that she incurred $51.40 in court reporting expenses and $3.00 in travel expenses — a total of $54.40. The Court finds these expenses reasonable under the circumstances and compensable under Rule 37(d)(3). *See Richardson v. BNSF Ry. Co.*, 2014 WL 5317866, at *3 (E.D. La. Oct. 16, 2014) (awarding costs, including court reporter's fees, associated with unattended deposition); *Tyler v. Nema Inc.*, 2013 WL 486651, at *4 (W.D. La. Feb. 5, 2013) (awarding travel expenses).

In response, Plaintiff argues that the LSBC Defendant's requested expenses are unreasonable. (R. Doc. 108-1 at 6). Specifically, Plaintiff suggests that she is not responsible for the $50.00 spent securing the location for her October 6, 2015 deposition, as it was "unilaterally cancelled by the Defendants." (R. Doc. 108-1 at 6). Next, Plaintiff suggests she is not responsible for the interpreter's fee, as the interpreter never appeared. (R. Doc. 108-1 at 6).

First, Plaintiff is responsible for any expenses incurred as a result of her rescheduled October 6, 2015 deposition and must reimburse the LSBC Defendants for the $50.00 paid on September 29, 2015 to secure the rescheduled deposition's location. (R. Doc. 88-37). When the parties agreed on September 28, 2015 to reschedule Plaintiff's deposition for October 6, 2015, that agreement was "<u>conditioned upon [Plaintiff] responding to the LSBC discovery and producing the documents sought in such discovery and in the Subpoena prior to the deposition</u>" — by October 2, 2015. (R. Doc. 88-22). On October 5, 2015, Plaintiff's attorney emailed Defendants' counsel informing them that his client did not have any additional documents "in her possession." (R. Doc. 93-3 at 3). Instead, the requested documents were in the possession of Plaintiff's daughter. And so, Plaintiff's counsel thought "it would be wise to postpone the deposition" set for the following day. (R. Doc. 93-3 at 3). In response, Defendants' counsel reiterated that they had "both made it clear that we will not take Ms. Nguyen's deposition until we receive her full and complete discovery responses." (R. Doc. 93-3 at 2).

The fact that the requested documents were in her daughter's possession does not excuse Plaintiff's failure to produce the documents. As the owner of her business, Plaintiff has control over the requested documents and control — not possession — is determinative of production. *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C. 2000) (it is "well established that 'control' . . . is the test as to whether the production is required"). Because the rescheduled deposition was cancelled after Plaintiff again failed to produce any documents within her control by October 2, 2015, she will reimburse the LSBC Defendants' for the $50.00 payment incurred in securing the location for the cancelled October 6, 2015 deposition.

Next, Plaintiff is responsible for the interpreter fees unnecessarily incurred by the LSBC Defendants as a result of her failure to appear for her September 28, 2015 deposition. Regardless

of whether the interpreter arrived at the deposition, the interpreter was en route to Baton Rouge when the parties learned Plaintiff would not be appearing.  Because of this, the LSBC Defendants were billed for the interpreter's services.  Moreover, these are concrete expenses paid by the LSBC Defendants that are directly attributable to Plaintiff's failure to appear.

With respect to attorneys' fees, the LSBC Defendants have provided affidavits and billing records showing that they incurred a total of $613.50 in attorney's fees for work done in preparation of Plaintiff's deposition and for attending the deposition. (R. Docs. 88-34 – 88-35). The LSBC Defendants seek an award of $49.00 in attorney's fees for .35 hours of work performed by one of their attorneys at a rate of $140.00 per hour. (R. Doc. 88-34).  Additionally, the LSBC Defendants request $564.50 in attorney's fees for 4.25 hours of work performed by a second attorney at an hourly rate of $130.00 and .25 hours of paralegal work at a rate of $45.00 per hour. (R. Doc. 88-35).

According to the first attorney's affidavit, he spent .15 hours on September 23, 2015 and .20 hours on September 25, 2015 preparing for Plaintiff's deposition. (R. Doc. 88-35 at 4).  The second attorney spent 3.05 hours preparing for Plaintiff's deposition and 1.20 hours attending the deposition and a paralegal in his office spent .25 hours on September 25, 2015 preparing for Plaintiff's deposition.

Generally, work that was "necessarily performed" by an attorney in preparation of a deposition and that "remains useful in connection" with any rescheduled deposition is not compensable under Rule 37(d)(3). *Richardson*, 2014 WL 5317866, at *3 (plaintiffs could not recover for time spent preparing for defendant's cancelled deposition because that work was "necessarily performed and remains useful in connection with the rescheduled [deposition], despite the cancellation"); *Hudson v. L&W Supply Corp.*, 2009 WL 1941498, at *4 (S.D. Tex.

July 2, 2009) (plaintiff was not entitled to attorney's fees incurred in preparation of unattended deposition because that work would be useful if the deposition were renoticed). However, courts have awarded attorney's fees incurred for last-minute preparation and review done just before the scheduled but unattended deposition. In making this distinction, courts have recognized that a diligent attorney would reasonably "review deposition questions and strategy" for a second time just before any rescheduled deposition. *Martinez v. Neiman Marcus Grp., Inc.*, 2005 WL 2179137, at *3 (N.D. Tex. Sept. 7, 2005).

In reviewing the affidavits and billing records of both attorneys, the Court finds that only 2.45 hours of the work performed by the second attorney are compensable under Rule 37(d)(3) — the 1.2 hours that attorney spent attending Plaintiff's deposition, and the 1.25 hours he spent preparing the morning of the deposition on September 28, 2015. (R. Doc. 88-35 at 5). Plaintiff argues that the second attorney should not be compensated for 1.2 hours spent attending Plaintiff's deposition because (1) it only took "10 minutes for counsel to do the Proces Verbal" and (2) that amount of time is "remarkably different" from the .80 hours spent by Cangelosi's counsel. (R. Doc. 108-1 at 5). The Court disagrees.

The time spent waiting for an unattended deposition is compensable. *See Singh v. Wackenhut Corp.*, 252 F.R.D. 308, 310-13 (M.D. La. 2008) (time spent waiting at unattended deposition was compensable); *Martinez v. Neiman Marcus Grp., Inc.*, 2005 WL 2179137, at *3 (N.D. Tex. Sept. 7, 2005) (plaintiff must compensate defense counsel for time spent waiting at plaintiff's unattended deposition); *Tyler v. Nema Inc.*, 2013 WL 486651, at *4 (W.D. La. Feb. 5, 2013) (time spent waiting at unattended deposition was compensable).

Finally, it is of no moment that LSBC's second attorney and Cangelosi's counsel spent different amounts of time attending Plaintiff's deposition. The two represent different parties

and are employed by different law firms. It only makes sense that they would not arrive to the deposition together or leave at the exact same time. Therefore, at a reasonable rate of $130.00 per hour, the LSBC Defendants are entitled to an award of $318.50 for their second attorney's fees incurred in connection with Plaintiff's September 28, 2015 deposition.

Similarly, Defendant Cangelosi seeks an award for attorney's fees incurred as a result of her counsel's preparation for Plaintiff's deposition. Cangelosi's counsel's affidavit and billing records indicate that he spent 15.7 hours preparing for Plaintiff's deposition and .80 hours attending the deposition at a reasonable[1] rate of $180.00 an hour. (R. Doc. 88-33). For the reasons mentioned above, the Court finds that of the 15.7 hours Cangelosi's counsel spent preparing for Plaintiff's deposition, the 2.2 hours of preparation on September 27th and 28th (the day before and the day of the deposition) are compensable.

Turning to the .80 hours spent attending the deposition, Plaintiff argues that "[w]aiting for the reporter to appear does not constitute as time expended for the case." (R. Doc. 108-1 at 4). Plaintiff therefore suggests this time should be reduced to 10 minutes — the time it allegedly took to record the Proces Verbal. (R. Doc. 108-1 at 4). The Court disagrees. The time spent waiting at an unattended deposition is certainly compensable. *See Singh*, 252 F.R.D. at 310-13; *Martinez*, 2005 WL 2179137, at \*3; *Tyler*, 2013 WL 486651, at \*4. And so, at a rate of $180.00 per hour, Defendant Cangelosi is entitled to an award of $540.00 for the 3 hours of counsel's fees incurred in connection with Plaintiff's deposition. Therefore,

Plaintiff is **ORDERED** to personally pay **$1,015.88** ($697.38 in expenses and $318.50 in attorneys' fees) to the **LSBC Defendants** and **$594.40** ($54.40 in expenses and $540.00 in

---

[1] *See Moore v. United Parcel Service Co. of Delaware*, 2013 WL 2018117, at \*1-2 (M.D. La. May 13, 2013) (finding counsel's hourly rate of $195.00 reasonable based on fees awarded by Court in other matters).

attorney's fees) to **Defendant Cangelosi** within **45 days** of this Order for reasonable expenses and attorneys' fees incurred in connection with her September 28, 2015 deposition.

### ii. Discovery Requests

Defendant Cangelosi claims that Plaintiff produced "evasive and incomplete" responses on June 4, 2015 to Cangelosi's March 17, 2015 Interrogatories, Requests for Production and Requests for Admission. (R. Doc. 88-1 at 4). Despite multiple promises by Plaintiff and numerous requests by Cangelosi, Plaintiff has since failed to supplement her responses to Cangelosi's discovery. The LSBC Defendants claim that Plaintiff failed to provide any responses to the LSBC Defendants' First Set of Interrogatories and Requests for Production, propounded on June 10, 2015. (R. Doc. 88-1 at 15).[2] At the October 30, 2015 hearing, Defendants confirmed that Plaintiff had still not responded to the LSBC Defendants' discovery, despite their repeated requests.

Following Plaintiff's failure to respond to the LSBC Defendants' discovery and her failure to supplement her responses to Cangelosi, Defendants filed the instant Motion for Sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Defendants seek an award of reasonable expenses and attorneys' fees under Rule 37(d)(3) resulting from Plaintiff's failure to supplement her responses to Cangelosi's discovery and failure to respond to the LSBC Defendants' discovery. The majority of the requested fees were incurred in drafting the instant Motion for Sanctions, while the remaining fees were incurred in connection with the hearing. In connection with drafting the Motion, Defendant Cangelosi seeks an award of $4,950.00 in attorney's fees for 27.5 hours of work performed by her counsel at a rate of $180.00 per hour. Additionally, Defendant Cangelosi has provided evidence indicating that she incurred $792.00 in

---

[2] The LSBC Defendants simultaneously propounded their First Requests for Admissions to Plaintiff on June 10, 2015.

attorney's fees for 4.4 hours of work performed by her counsel at a rate of $180.00 per hour in connection with the October 30, 2015 hearing. (R. Doc. 102). Finally, the LSBC Defendants request an award of $553.00 for 3.95 hours of work performed by their attorney at an hourly rate of $140.00 to both attend and prepare for the hearing. (R. Doc. 105). In response, Plaintiff argues that the amount of hours spent preparing the Motion for Sanctions "is over and above what is required" and should be "drastically cut." (R. Doc. 108-1 at 4-5).

The Court has broad discretion is awarding attorneys' fees and expenses under Rule 37. Here, only the LSBC Defendants' discovery requests fall within the purview of Rule 37(d) and none of the parties have moved to compel any outstanding discovery from Plaintiff. As discussed below, under these circumstances the Court finds any award of attorneys' fees and expenses beyond that already awarded in connection with Plaintiff's deposition is not warranted.

Plaintiff failed to respond entirely to the LSBC Defendants' discovery requests. The LSBC Defendants may therefore seek relief under Rule 37(d)(3). *See* Fed. R. Civ. P. 36(d)(1)(A)(ii). Cangelosi, however, is not entitled to any relief under Rule 37(d) for Plaintiff's failure to supplement her allegedly incomplete and evasive discovery responses. Rule 37(d)(1)(A)(ii) provides for the imposition of any sanction listed under Rule 37(b)(2)(A)(i)-(vi) on a party who "fails to serve its answers, objections, or written response" to discovery requests served under Rules 33 and 34. Fed. R. Civ. P. 37(d)(1)(A)(ii).

Rule 37(d) only applies where a party completely fails to serve any response. Fed. R. Civ. P. 37(d)(1)(A)(ii) advisory committee's note (1970) (Rule 37(d) concerns "total noncompliance"). Where responses are made, but considered incomplete, the serving party may not immediately seek sanctions, but must instead file a motion to compel more complete responses under Rule 37(a). *See GFI Computer Industries, Inc. v. Fry*, 476 F.2d 1, 3 (5th Cir.

1973) ("Plaintiff's remedy for incomplete . . . answers to interrogatories, and for failure to produce pursuant to a Rule 34 request, was to file a motion under Rule 37(a) . . . ."); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions are proper only where there has been a complete or nearly total failure of discovery . . . . If a response is made . . . a motion under Rule 37(a) to compel answers is the proper remedy."); *Enron Corp. Savings Plan v. Hewitt Associates, LLC*, 258 F.R.D. 149, 155 n.5 (S.D. Tex. 2009) (If a party ignores document requests under Rule 34, "he is subject to sanctions under Rule 37(d). However, if the party responds to the document request, even if he responds by objecting, Rule 37(d) sanctions are not available.").

Here, Plaintiff responded to Cangelosi's March 17, 2015 discovery requests. Despite her dissatisfaction with Plaintiff's responses, Cangelosi did not seek an order compelling supplemental responses under Rule 37(a).[3] As such, Plaintiff cannot be subject to sanctions pursuant to Rule 37(d)(1)(A)(ii). For these reasons, Defendants' Motion for Sanctions is **DENIED** as it relates to Plaintiff's responses to Defendant Cangelosi's March 17, 2015 discovery requests. Because the Motion for Sanctions is granted in part and denied in part, the Court declines Defendants' request for any further award of attorneys' fees and expenses and each party must bear the remainder of their costs.

Signed in Baton Rouge, Louisiana, on January 5, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] In fact, neither party has moved to compel any outstanding discovery at issue in this Motion for Sanctions. At the hearing, the Court discussed this discovery with the parties, and the parties agreed to respond to any "outstanding discovery requests within two weeks of the hearing." (R. Doc. 100 at 2). To date, the parties have not filed any motions to compel directed to this Plaintiff. (R. Doc. 100 at 2) ("If responses are made" within 2 weeks of the hearing, but found insufficient, "the parties must confer . . . prior to filing any motion with the Court.").