UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOA T. NGUYEN, et al.                                CIVIL ACTION

VERSUS                                                NO. 14-80-BAJ-RLB

LOUISIANA STATE BOARD
OF COSMETOLOGY, et al.

### ORDER

Before the Court is Defendant Celia Cangelosi's (Defendant) Motion for Sanctions (R. Doc. 107) against Plaintiff, Uan Cong Pham (Plaintiff), pursuant to Rule 37(b). Plaintiff filed an Opposition (R. Doc. 113) in response to the Motion.

In her Motion, Defendant claims that Plaintiff failed to comply with the Court's October 30, 2015 Order (R. Doc. 99), requiring Plaintiff to pay Defendant $250.00 in attorney's fees. The attorney's fees were originally incurred in connection with Defendant's Motion to Compel (R. Doc. 83), which the Court granted on October 7, 2015 (R. Doc. 87). In its Order, the Court instructed Plaintiff to provide discovery responses. It additionally awarded Defendant $250.00 in attorney's fees and instructed Plaintiff to make payment by October 16, 2015. (R. Doc. 87 at 11). On October 19, 2015, Defendant filed her first Motion for Sanctions (R. Doc. 89) under Rule 37(b), claiming that Plaintiff failed to comply with the Court's Order (R. Doc. 87) and demanding an additional award for attorney's fees incurred in filing the Motion for Sanctions. The Court set the Motion for a hearing on October 30, 2015. (R. Doc. 100). During the hearing, Plaintiff promised to pay the outstanding $250.00 in attorney's fees within a week and to respond to Defendant's discovery requests within two weeks. (R. Doc. 99). Based on these

representations, the Court issued the underlying Order, which partially resolved Defendant's first Motion for Sanctions (R. Doc. 89) by requiring Plaintiff to pay the attorney's fees by November 6, 2015 and respond to discovery by November 13, 2015. (R. Doc. 99).  In a separate Order, the Court resolved the remaining request and ordered Plaintiff to pay Defendant's reasonable attorney's fees incurred in connection with her first Motion for Sanctions.  On November 10, 2015, Defendant filed the instant Motion for Sanctions (R. Doc. 107) claiming that Plaintiff failed to comply with the Court's October 30, 2015 Order (R. Doc. 99) requiring Plaintiff to pay Defendant by November 6, 2015.

According to the record, Plaintiff claims that her counsel genuinely misread the Court's Order and believed that both the payment and supplemental discovery responses were due on November 13, 2015. (R. Doc. 113-1 at 5); (R. Doc. 113-2); (R. Doc. 113-3).  Upon realizing the mistake, Plaintiff's counsel allegedly called Defendant's counsel at his office around 12:15 p.m. on November 10, 2015, but there was no answer. (R. Doc. 113-3 at 3). "Right after," Plaintiff's counsel claims, he called Defendant's counsel on his cell phone. "Again, no one answered." (R. Doc. 113-3 at 3).  In an effort to reach Defendant, counsel for Plaintiff emailed Defendant's counsel on November 10, 2015 at 12:59 p.m. to explain that the $250.00 check was "ready" and that Plaintiff would "like to send it with all of the supplemental responses" due by November 13, 2015. (R. Doc. 113-4 at 2).  Plaintiff additionally "attached a copy of the check for confirmation." (R. Doc. 113-4 at 2); (R. Doc. 113-4); (R. Doc. 113-5).  When Defendant's counsel did not respond, Plaintiff sent a second email at 2:38 p.m. explaining, "Nevermind [counsel]. We mailed the check out to you already. See attachment." (R. Doc. 113-4 at 2).  Later that day, at 3:27 p.m., Defendant moved for sanctions. (R. Doc. 107); (R. Doc. 113-7).

In her Motion, Defendant acknowledges both of Plaintiff's November 10, 2015 emails. (R. Doc. 107-1 at 2). "Regardless" of these emails, Defendant argues, the Motion is still warranted as "the check has not been received, and it was not received on November 6, 2015, as ordered by the Court." (R. Doc. 107-1 at 2). In this instance, the Court does not agree.

Rule 37(b)(2)(A) gives the Court discretion to impose a number of sanctions following a party's failure to obey a discovery-related order. Instead of or in addition to these sanctions, the Court may impose reasonable expenses on the disobedient party, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Under the current circumstances, the Court finds any order sanctioning Plaintiff's conduct or awarding reasonable expenses to Defendant would be unjust. Plaintiff's counsel admits that it made an honest mistake, which it realized only 4 days after the $250.00 payment was due. Instead of responding to Plaintiff's counsel's calls and emails, and even after counsel explained that the check had been mailed, Defendant still moved for sanctions.

The Court acknowledges that Rule 37(b)(2) did not require Defendant to confer with Plaintiff before filing this Motion. There is also no dispute that Plaintiff, through counsel, failed to timely comply with the Court's Order. The Court is also aware of Plaintiff's previous issues with compliance during discovery. Still, the Defendant had confirmation from Plaintiff that the check, which was less than a week late, had already been mailed when the instant Motion was filed. For these reasons, the Court finds an order granting any of the requested relief would be unjust.

Plaintiff is advised, however, that repeated failure to comply with orders of the Court will result in future sanctions, including dismissal of this action.

Therefore,

    **IT IS ORDERED** that Defendant's Motion for Sanctions (R. Doc. 107) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 5, 2016.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**