UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOA T. NGUYEN, et al. | CIVIL ACTION |
| VERSUS | NO. 14-80-BAJ-RLB |
| LOUISIANA STATE BOARD OF COSMETOLOGY, et al. | |

# ORDER

Before the Court is Defendant Celia Cangelosi's Motion to Compel (R. Doc. 97) Plaintiff, Hien Hoang, to sufficiently respond to Defendant's Request for Production Nos. 1-6, 9-16, 22-28 and 30, and Defendant's Interrogatory Nos. 3, 4 and 24. Plaintiff filed an Opposition (R. Doc. 110), claiming the Motion should be dismissed as moot, because Plaintiff has since provided "all of the requested supplemental discoveries." (R. Doc. 110 at 2).[1] At the Court's request (R. Doc. 111), Defendant filed a Reply Memorandum addressing the sufficiency of Plaintiff's supplemental responses. (R. Doc. 112). For the reasons given below, Defendant's Motion to Compel is **GRANTED** to the extent it seeks an order compelling Plaintiff to produce

---

[1] Plaintiff additionally argues that the Motion should be denied because (1) it is untimely and (2) Defendant failed to confer as required by Rule 37(a)(1). First, Plaintiff confusingly argues that Defendant's Motion "untimely" because discovery is not due "until January 29, 2016 and filing the Motion to Compel was premature." (R. Doc. 110 at 2). Discovery must be completed and any related motions must be filed by January 29, 2016. Nonetheless, the parties should conduct discovery and resolve any disputes, with or without the Court's involvement, as early as possible in order to meet the deadline. Defendant's Motion is therefore not untimely, nor is it premature. Second, Defendant complied with Rule 37(a)(1) before filing the instant Motion. Defendant first served her discovery requests on March 16, 2015. (R. Doc. 97-3). After multiple attempts to obtain this information from Plaintiff, and multiple unfulfilled promises to produce the outstanding discovery, Defendant properly moved to compel on October 29, 2015 – over 7 months after the requests were initially served.

the outstanding discovery described in Defendant's Reply Memorandum, or otherwise confirm that the outstanding discovery does not exist.

**Outstanding Discovery**

According to Defendant, the "supplemental written responses . . . are generally sufficient and produce most of the information requested." (R. Doc. 112 at 1). However, Defendant clarifies that the responses "are only generally sufficient because they do not contain all of the information requested." (R. Doc. 112 at 1). Specifically, Defendant claims the following information was not provided:

**Request for Production No. 1** sought documents relating to the opening of Magic Nails, which allegedly opened in 2010. (R. Doc. 112 at 2); (R. Doc. 97-6 at 1). Plaintiff's supplemental response simply stated: "Occupational License is attached." (R. Doc. 110-5 at 8). Plaintiff, however, failed to produce the Occupational License for Magic Nails. (R. Doc. 112 at 2). Moreover, Plaintiff did not produce the Permit for Magic Nails, which he has allegedly claimed to have in his possession. (R. Doc. 112 at 2). The Court further notes that Plaintiff did not raise any objections to Request for Production No. 1 in his supplemental response.

Given Plaintiff's representations, Plaintiff is **ORDERED** to produce both the Occupational License and Permit for Magic Nails in response to Request for Production No. 1 within **7 days** of this Order.

**Request for Production No. 25** sought Plaintiff's tax returns from the "opening of Magic Nails to the present." (R. Doc. 97-3 at 26). Plaintiff simply responded, "Attached," without raising any objections. (R. Doc. 110-5 at 12). However, Plaintiff provided his federal tax returns for 2011 through 2014, but failed to produce his federal tax returns for 2010 — the year in which he claims to have opened Magic Nails. Therefore, within **7 days** of this Order,

Plaintiff is **ORDERED** to either produce a copy of his federal tax returns for 2010 or otherwise confirm that his federal tax returns for 2010 do not exist – i.e. not in Plaintiff's possession, custody or control.

**Interrogatory No. 6 and Request for Production No. 6** asked Plaintiff to identify any employees working at Magic Nails on the dates of any inspections, to provide the addresses, telephone numbers and contact information of those employees and any documents containing that information. (R. Doc. 97-3 at 18, 23). Plaintiff provided the names of employees working at Magic Nails on the dates of any inspections, but failed to provide the "addresses, telephone numbers, or other contact information," of the named individuals. (R. Doc. 97-3 at 6) (listing the requested identifying and contact information). Moreover, Plaintiff did not raise any objections to these discovery requests. Therefore, Plaintiff is **ORDERED** to produce the requested identifying information or documentation pertaining to the employees named in his supplemental response to Interrogatory No. 3, or otherwise confirm that the requested information does not exist, within **7 days** of this Order.

**Request for Production Nos. 11 and 12** requested all documents showing the alleged drop in patrons occurring after the first inspection of Magic Nails and all documents showing the weekly and monthly number of patrons since the opening of Magic Nails in 2010. (R. Doc. 112 at 2). In his written response, Plaintiff claimed that the "only documents Plaintiff has at this time are credit card receipts, tax returns, [and] bank statements." (R. Doc. 110-5 at 9-10). Although not explicitly named in his written responses, Plaintiff produced a "Form 1099-K from First Data Merchant Services *for 2013 only*," showing the "credit card receipts *for each month* during that year." (R. Doc. 112 at 3). Because First Data Merchant Services was allegedly the "credit card servicer" for Magic Nails, Defendant contends that "similar 1099-Ks should be produced for

2010-12 and 2014." (R. Doc. 112 at 3). The Court agrees. Therefore, Plaintiff is **ORDERED** to produce the 2010, 2011, 2012 and 2014 Form 1099-Ks for Magic Nails, or otherwise confirm that those forms do not exist, within **7 days** of this Order.

### Reasonable Attorney's Fees and Expenses

As a final matter, Defendant seeks an order compelling Plaintiff to pay reasonable attorney's fees and expenses incurred in filing the instant Motion to Compel. (R. Doc. 97-1 at 1); (R. Doc. 97-14). Along with her Motion, Defendant submits the affidavit of her attorney explaining that counsel "expended approximately 15.8 hours in researching, drafting, revising, and finalizing" the Motion, at a rate of $180.00 per hour.[2] (R. Doc. 97-14 at 2).

Rule 37(a)(5)(A) provides that if a motion to compel "is granted — or if . . . discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require" the opposing party, its attorney, or both, "to pay the movant's reasonable expenses . . . including attorney's fees," unless certain exceptions apply. Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees. Plaintiff was given an opportunity to respond to Defendant's request for reasonable expenses and attorney's fees. (R. Doc. 110). In his Opposition, "[Plaintiff] prays that Defendant Cangelosi's Motion to Compel Discovery Against Hien Hoang, including attorney's fees, expenses, and costs, be entirely denied; and that Plaintiff recovers costs . . . ."[3] (R. Doc. 110 at 1); (R. Doc. 110-1 at 10). Plaintiff, therefore, does not address Defendant's entitlement to fees under Rule 37(a)(5)(A), nor the reasonableness of the

---

[2] The Court accepts the hourly rate of $180.00 as reasonable. *Moore v. United Parcel Service Co. of Delaware*, 2013 WL 2018117, at *2 (M.D. La. May 13, 2013) (Bourgeois, Mag. J.) (rate of $195.00 per hour was reasonable).

[3] Because the Motion was granted, Rule 37(a)(5)(A) controls and it only permits an award of expenses to the moving party. *Cf.* Fed. R. Civ. P. 37(a)(5)(B) (allowing an award of reasonable expenses to the opponent where the motion is denied and certain exceptions do not apply); Fed. R. Civ. P. 37(a)(5)(C) (allowing the court to "apportion the reasonable expenses for the motion" between the parties where the motion is granted in part and denied in part).

rate or amount requested. Nonetheless, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[4]

The only information before the Court is the affidavit of counsel. While not necessarily required in every case, the Court does not have any billing records or any breakdown of the time and expenses attributable to the specific categories of work set forth in the affidavit. *Compare Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490-91 (5th Cir. 2012) (affidavits detailed the amount of time spent on each task and included other "supporting evidence").

Considering the sum of fees requested and the number of hours at issue, there is not sufficient information for the Court to determine that the entirety of time spent should be ordered as reimbursable expenses. For example, the Motion to Compel primarily consists of a detailed chronology of events and a listing of the discovery requests at issue and their responses. The affidavit, however, indicates that a portion of the time spent involved research, but does not indicate the quantity of time attributed to such research. The Court is likewise unable to determine whether the time spent on the other various activities contained in the affidavit are also recoverable.

The Court is not suggesting that the time reflected in the affidavit is inaccurate. Rather, the Court is simply unable to determine that the information before it is sufficient to prove the reasonableness of the amount of hours expended. The Court will reduce the amount of fees requested by Defendant to $900.00. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.");

---

[4] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); see also *Bode v. U.S.*, 919 F.2d 1044, 1047 (5th Cir. 1990) ("the party seeking reimbursement of attorneys' fees . . . can meet [its] burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement").

*Leroy v. City of Houston* (*Leroy II*), 906 F.2d 1068, 1080-81 (5th Cir. 1990) (striking hours where the movant "did not breakdown . . . the number of hours . . . spent on the various discrete tasks"). This result is more consistent with other orders of this Court providing for similar relief. Therefore,

**IT IS ORDERED** that Defendant's Motion to Compel is **GRANTED** to the extent it seeks an award of reasonable expenses and attorney's fees, although not to the extent requested. The Court finds Defendant entitled to an award of **$900.00** in reasonable expenses and attorney's fees.

The record demonstrates that Plaintiff has not cooperated during discovery and has been either unwilling to produce documents or unwilling to affirmatively state whether certain documents exist. Therefore, **Plaintiff** must **pay** Defendant **$900.00** in reasonable expenses and attorney's fees within **45 days** of this Order.

Signed in Baton Rouge, Louisiana, on January 5, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**