UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOA T. NGUYEN, ET AL.<br>　　　Plaintiffs | CIVIL ACTION NO.: 3:14-cv-00080 |
| VERSUS | JUDGE BRIAN A. JACKSON |
| LOUISIANA STATE BOARD OF<br>COSMETOLOGY, ET AL.<br>　　　Defendants | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH
SUBPOENAS AND/OR MOTION FOR PROTECTIVE ORDER**

Defendant, Celia R. Cangelosi ("Cangelosi'), submits this memorandum in support of (1) her motion to quash (a) plaintiffs' subpoena purporting to direct Terri Clark ("Clark"), Cangelosi's legal assistant, to produce documents at her deposition noticed for January 20, 2016, and (b) plaintiffs' subpoena purporting to direct Cangelosi to produce documents at her deposition noticed for January 28, 2016, and (2) her motion for a protective order to protect her and her legal assistant from the obligation of complying therewith insofar as such subpoenas seek the production of documents. Cangelosi does not seek to quash the subpoenas insofar as same seek to compel the attendance of her and her legal assistant at depositions on the dates noticed. Through her counsel, Cangelosi has advised the plaintiffs that she and Clark will attend the noticed depositions, with or without any subpoena.

Both subpoenas were first emailed by plaintiffs' counsel to Cangelosi's counsel on January 12, 2016, and apparently also mailed on such date to Cangelosi's counsel by certified mail.. (Exhibit 1). Both subpoenas are in violation of FRCP Rule 34(b)(2), Rule 45(d)(3)(A)(1) and (3), and the Scheduling Order (R. Doc. 67), and both are untimely and procedurally improper. In addition, both subpoenas are unduly burdensome, harassing, overbroad, are not reasonably

calculated to lead to the discovery of admissible evidence, and attempt to require the production of privileged information. Finally, both seek to cause Cangelosi to violate La. R.S. 37:577.

Cangelosi has in good faith conferred with the plaintiffs, through their attorneys, in an effort to obtain withdrawal of the subpoenas. Mover's efforts included an email dated 1/15/2016 (Exhibit 2), and a telephone conference on January 18, 2016 (such call documented in the email attached to the supporting memorandum. (Exhibit 3).

**1. The Subpoenas are untimely and procedurally improper.**

After a telephone scheduling conference, the Scheduling Order was entered in this case on April 29, 2015. (R. Doc. 67 at p. 2)   The Order provides that discovery, except experts, must be **<u>completed</u>** by **January 29, 2016**. *Id.*

This Court is aware of the repeated delays by the plaintiffs in responding to the discovery propounded to them by Cangelosi and the LSBC Defendants through the various motions to compel and motions for sanctions that have been filed, . Regardless, on November 25, 2015, the plaintiffs propounded their first requests for admission, first interrogatories, and first requests for production to Cangelosi, which was extensive. (R. Doc. 116-3)   Although opposed by the plaintiffs, Cangelosi obtained an extension of time until January 14, 2016, to respond to this discovery (R. Doc. 119), and responses were timely made by her on January 14, 2016. (R. Doc. 130-1 at p. 3).

On November 17, 2015, the plaintiffs asked for possible deposition dates for certain defendants (not Cangelosi or Clark), and on that same day undersigned counsel responded and provided the dates of December 2-4, 2015, and advised further that he was available "many additional dates in December and January." (Exhibit 4).   None of the dates provided (December 2-4), nor any other dates in December, were not chosen by the plaintiffs for any depositions.

2

On December 3, 2015 at 3:07 pm, the plaintiffs asked for deposition dates for various witnesses in December of 2015, and for other witnesses in January of 2016. (Exhibit 5) On December 4, Cangelosi responded and provided a number of available dates in December and January. *Id.* The date of January 20, 2016, was selected by the plaintiffs for the deposition of Clark, and the date of January 28, 2016, was selected by the plaintiffs for the deposition of Cangelosi.

On January 12, 2016, plaintiffs' counsel first emailed Cangelosi's counsel Notices of Depositions ("NODs") and Subpoenas. (Exhibit 1). The NODs were not a surprise; the Subpoenas definitely were.

Under FRCP Rule 34(b)(2)(A), parties have thirty (30) days to respond to requests for production. Both subpoenas seek to shorten that period and make an end-run around Rule 34(b)(2)(A). Indeed, for the subpoena directed to Clark, plaintiffs seek to compel Clark to produce documents from Cangelosi's files in only eight (8) days. This time for compliance is unreasonable and the subpoenas, in addition to violating Rule 34(b)(2), violate FRCP Rule 45(c)(3)(A)(1).

Moreover, the discovery deadline in this case is **January 29, 2016**. Discovery must be **completed** by then. In effect, the plaintiffs seek to avoid this discovery deadline by improperly using the subpoenas directed to Cangelosi and Clark.

Subpoenas which seek to or have the effect of short-circuiting the deadline for completing discovery in a Scheduling Order, such as those issued in this case directed to Cangelosi and Clark, have been held untimely and quashed by the Courts. *Front-Line Promotions & Mktg, Inc. v. Mayweather Promotions,* 2009 WL 928568, at *5 (E.D. La. 4/2/2009); *Pearson v. Trinity Yachts, Inc.,* 2011 WL 1884730, at *1 (E.D. La. 5/18/2011). As stated the Court in quashing the subpoenas in *Front-Line Promotions*:

The Court first notes that the Scheduling Order expressly indicates that "all discovery shall be ***completed*** no later than Tuesday, February 17, 2009." (R. Doc. 7) (emphasis added). Completion of discovery means that the responses and any related discovery disputes must be resolved by the deadline as well. Here, it is clear that the Plaintiffs did not file the written discovery in a manner that would permit the Defendants to provide a response within the delays allowed by law. Rather, the Plaintiffs propounded the written discovery requests upon the Defendants on January 30, 2009, notwithstanding the fact that the firmly established discovery deadline in this case was February 17, 2009. Thus, the Defendants were only provided 18 days to submit their discovery responses without running afoul of the discovery deadline—which has since elapsed.

\*\*\*

The Court next notes that neither party provided a copy of the subpoena for the Court's review as required by Local Rule 7.4. Nonetheless, the Court is of the opinion that the Plaintiffs attempted to circumvent the apparent timeliness issue with respect to the written discovery requests by issuing a Notice of Record Deposition and a subpoena duces tecum on February 5, 2009 with a return date of February 12, 2009. Furthermore, as correctly noted by the Plaintiff, pursuant to Federal Rule of Civil Procedure 45, a subpoena is an improper mechanism for seeking discovery from a party to the litigation. Based on the foregoing, the Court grants the Defendants' motion to quash.

(Court's emphasis).

And, in quashing the subpoena in *Pearson,* the Court stated:

Even if the subpoena had been validly issued by the Clerk of Court, *service on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures for requests for production of documents between parties provided by Fed.R.Civ.P. 34. See Powell v. United States,* No. 09–1873, 2009 WL 5184338, at \*1 (E.D.La. Dec. 22, 2009) (Vance, J.) (denying pro se plaintiff's motion for issuance of a subpoena to defendant as procedurally improper and instructing plaintiff to pursue information from defendant by serving discovery requests and to use a subpoena only if he seeks discovery from a non-party); *Thomas v. IEM, Inc.,* No. 06–886–B–M2, 2008 WL 695230, at \*2 (M.D .La. Mar. 12, 2008) (Noland, M.J.) (quoting *Burns v. Bank of Am.,* No. 03 Civ. 1685, 2007 WL 1589437, at \*14 (S.D.N.Y. June 4, 2007)) (Subpoenas under Rule 45" 'are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."); *accord Swartout v. Thomas LaNore, P.A.,* No. 1:07–cv–315, 2009 WL 1770540, at \*2–3 (W.D. Mich. June 18, 2009) (citing *Grant v. Hatchett,* No. 1:08–cv–73, 2009 WL 467569, at \*4 (E.D.Tenn. Feb. 23, 2009) ; *Kean v. Van Dyken,* No. 4:04–cv–64, 2006 WL 374502, at \*6 (W.D.Mich. Nov. 9, 2006)).

4

*2 When compared to the procedure set forth in Rule 34, which allows a party 30 days after service to respond to a request for production of documents, the notice period that plaintiff provided was wholly unreasonable, whether it was 20 calendar days from March 11, the date that he signed the subpoena duces tecum until the requested production date of March 31, or the actual time of less than three days from his first attempt to serve the subpoena duces tecum around March 28 for a return date of March 31, 2011. His personal service of the subpoena duces tecum on defendant's agent for service of process on April 14 provided no time at all to respond, as the return date of March 31, 2011 had already passed. *Accordingly, defendant's motion is granted and the subpoena duces tecum is quashed.*

(Emphasis added).

## 2. The subpoenas are unduly burdensome, harassing, overbroad, are not reasonably calculated to lead to the discovery of admissible evidence.

The subpoena directed to Clark commands that she bring to the deposition:

All written correspondences between you and Defendant Cangelosi instructing to visit any salons within the last 6 years. Specifically, all written correspondences between you and Defendant Cangelosi instructing you to inspect Plaintiff Mai Nguyen salon in 2013. All written correspondences between you and any of the Defendants: Sherrie Stockstill, Margaret Keller, or LSBC members/staff.

The subpoena directed to Cangelosi commands that she bring to the deposition:

All consent agreements and/or violation fines that you were acting as complaint counsel that were approved by the LSBC in the last 6 years that are within your control and possession. All outstanding discovery documents and evidence in response to Exhibit 1: Plaintiff's First Set of Discovery Requests to Defendant Cangelosi.

*See* Exhibit 1.

As to the subpoena directed to Clark, it should be first noted that the documents sought from Clark are actually the documents of her employer, Cangelosi. Regardless, the last sentence of the subpoena to Clark ("[a]ll written correspondences between you and any of the Defendants: Sherrie Stockstill, Margaret Keller, or LSBC members/staff") is particularly problematic. There is no limitation as to time. There is no limitation as to subject matter. There is no limitation as to

5

"LSBC members/staff."  This request is unduly burdensome and overbroad, and there is no showing as to how it is reasonably calculated to lead to the discovery of admissible evidence.

In addition, the subpoena directed Clark in its last sentence seeks the disclosure of documents in Cangelosi's file which are protected by the attorney-client privilege.  This request should be quashed under Rule 45(d)(3)(A)(3)

As to the subpoena directed to Cangelosi, the first sentence ("[a]ll consent agreements and/or violation fines that you were acting as complaint counsel that were approved by the LSBC in the last 6 years that are within your control and possession)" is problematic.  In her responses to the plaintiffs' written discovery, Cangelosi has already produced all consent agreements and fines in her possession or control pertaining to the plaintiffs, and the LSBC has already produced all its agendas and meeting minutes and thus identified all persons subject to consent agreements and fines.  Further, the LSBC has produced a list of all persons who were fined and the amount of each fine.  If the plaintiffs really want the information described in the first sentence of the subpoena directed to Cangelosi, they can get it from the LSBC.  Cangelosi should not be required to go through six (6) years of files to produce information which the plaintiffs already have, or can easily obtain elsewhere.  *See* La. Code of Evidence art. 508(A).

 3. **The Subpoenas seek a violation of La. R.S. 37:577.**

La. R.S. 37:577 of the Cosmetology Licensing Law provides:

§577.  Information not to be divulged

No member of the board nor any officer, agent, or employee thereof shall divulge to any person the contents of any document, paper, or record examined by him in the performance of his duties under this Chapter or any information obtained by him in the course of his investigations except when necessary to carry out the purposes of this Chapter.

6

Complying with the subpoenas issued by the plaintiffs for the production of documents would cause Cangelosi and Clark to violate his provision.

***Clarification*** – Cangelosi does not seek to quash the subpoenas insofar as same seek to compel the attendance of her and her legal assistant at depositions on the dates noticed. Through her counsel, Cangelosi has advised the plaintiffs that she and Clark will attend the noticed depositions, with or without any subpoena. At the same time, Cangelosi does seek to quash the subpoenas insofar as same seek to command her and legal assistant to comply with the production of documents.

For all of these reasons, Cangelosi respectfully requests that this Honorable Court grant her motion and enter an order quashing the subpoenas issued by the plaintiffs for the production of documents and protecting her and her employee, Clark, from the obligation of complying therewith (insofar as same seek the production of documents).

By attorneys:

/s/ Paul H. Spaht
Paul H. Spaht (#7687)
Spaht Law Firm, LLC
4232 Bluebonnet Blvd.
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 490-9545
Facsimile (225) 238-6584
paul@spahtlaw.com
Attorneys for Defendant, Celia R. Cangelosi

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail on the following non-CM/ECF participants: N/A.

s/ Paul H. Spaht
Paul H. Spaht