UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOA T. NGUYEN, et al. | CIVIL ACTION |
| VERSUS | NO. 14-80-BAJ-RLB |
| LOUISIANA STATE BOARD OF COSMETOLOGY, et al. | |

### ORDER

Before the Court is Defendant Celia Cangelosi's Motion to Quash Subpoenas and/or Motion for Protective Order, filed on January 19, 2016. (R. Doc. 131). The Court granted Defendant's contemporaneous request for expedited consideration of the Motion and required Plaintiffs to file any response by 12:00 p.m. on January 25, 2016. As of this Order, Plaintiffs have not responded to the Motion. For the reasons given below, Defendant's Motion (R. Doc. 131) is **GRANTED**.

Defendant seeks a protective order limiting the scope of discovery to exclude Plaintiffs' subpoenas issued to Defendant and non-party Terri Clark. Plaintiffs served the subpoenas on Defendant's counsel by email on January 12, 2015 and by certified mail on January 15, 2016. The first subpoena commands Defendant's legal assistant and non-party, Terri Clark, to appear for a deposition and produce certain documents on January 20, 2016. According to Defendant, the majority of "documents sought from Clark are actually the documents of her employer, [Defendant] Cangelosi." (R. Doc. 131-2 at 5). Otherwise, the subpoena to Clark seeks correspondence between Clark and the named Defendants. After reviewing the subpoena, the Court agrees that the underlying documents could have also been sought from the named

Defendants. To the extent Plaintiffs' subpoena duces tecum to Clark (R. Doc. 131-3 at 6) is an attempt to obtain records from Defendant Cangelosi through her assistant, the Court will treat the subpoena accordingly.

The second subpoena commands Defendant to appear for a deposition and produce certain documents on January 28, 2016. Defendant explains that the notices of deposition "were not a surprise" as the parties had agreed to take both depositions later in January; "but the [requests for documents] definitely were." (R. Doc. 131-2 at 3). For this reason, Defendant's objection is limited to Plaintiffs' requests for documents from both Defendant and Clark.

Defendant's counsel first received the subpoenas by email on January 12, 2016 and again by certified mail on January 15, 2016. Given the upcoming discovery deadline of January 29, 2016 and the type of documents requested from both Defendant and Clark, Defendant suggests that Plaintiffs are using Rule 45 "to make an end-run around Rule 34" and the Court's discovery deadline. The Court agrees.

"Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. March 12, 2008); *Pearson v. Trinity Yachts, Inc.*, 2011 WL 1884730, at *1 (E.D. La. May 18, 2011) ("[S]ervice on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures from requests for production of document *between parties* provided by Federal Rule of Civil Procedure 34.").

Here, Plaintiffs' Rule 45 subpoena commanded Defendant Cangelosi to produce the requested documents by January 28, 2016 — only one day shy of the discovery deadline. Had

Plaintiffs requested the documents from Defendant and the remaining parties under Rule 34, the deadline for responding would have fallen outside the discovery deadline — i.e., 30 days from service.

The Court reaches the same conclusion with respect to the subpoena to Clark. Terri Clark was subpoenaed on January 12, 2015 and asked to produce documents, which could have been requested directly from Defendants during discovery, by January 20, 2016 — just 9 days before the discovery deadline. Plaintiffs have provided no response to Defendant's assertion that the subpoena to Clark, who is the assistant to Defendant Cangelosi, is an attempt to obtain the documents of a party through Rule 45 instead of Rule 34. Having reviewed the arguments of Defendant Cangelosi and the contents of the subpoena, the Court finds that the subpoena to Clark, although issued to a non-party, is an attempt to circumvent the time limitations set forth in Rule 34. Accordingly, the subpoena to Clark is untimely for the same reasons set forth above.

Although not raised by Defendant, the Court also finds that the subpoena to Clark must be quashed for improper service.[1] "Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena." *Seals v. Shell Oil Co.*, 2013 WL 3070844, at *3 (E.D. La. June 17, 2013) (Roby, Mag.); *see also James v. McKenna*, 2003 WL 348921, at *2 (E.D. La. Feb. 6, 2003) ("There is no provision for service of a subpoena on a non-party by certified mail. The subpoena calling for production of documents . . . was not served in accordance with the requirements of Rule 45.").

Finally, the Court also determines that both subpoenas pose an undue burden on Defendant Cangelosi and Clark. Plaintiffs' subpoenas required Clark to produce documents

---

[1] Indeed, by choosing to proceed with a Rule 45 subpoena, the Court could likely reach a similar conclusion with respect to the subpoena to Defendant Cangelosi. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (The Fifth Circuit has found that service of a Rule 45 subpoena on a party's attorney, instead of the party, "renders such service a nullity.").

within just 8 days after service and gave Defendant 16 days in which to comply.[2]  According to Defendant, Plaintiffs requested a large amount of documents, most of which are subject to the attorney client privilege. (R. Doc. 131-2 at 7).  Similarly, Plaintiffs ask Clark for "all written correspondence between [Clark] and any of the Defendants: Sherrie Stockstill, Margaret Keller, or LSBC members/staff." (R. Doc. 131-3 at 6).  There is no limitation as to subject matter or time.  Considering the documents sought, Plaintiffs failed to allow Defendant and Clark a reasonable time to respond to the subpoenas. *See Thomas*, 2008 WL 695230, at *3 & n.10 (15 days was inadequate, especially considering the Christmas holiday fell within those 15 days); *Hall v. Louisiana*, 2014 WL 1652791, at *13 (M.D. La. April 23, 2014) (quashing subpoenas that gave non-parties between 12 and 9 days to comply because the "timeframes are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B) ] is generally considered a reasonable time"); *Freeport McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) (on its face, 14 days to respond to subpoena to produce documents is generally considered reasonable, but reasonableness may vary depending on the circumstances of each case); *Hernandez v. City of Corpus Christi*, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that gave 10 days for compliance).  And so, Plaintiffs' subpoenas commanding Clark and Defendant to produce documents posed an undue burden and must be quashed as they "failed to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

---

[2] The Court's finding that 16 days is an unreasonable amount of time to comply is limited to the specific facts of this case.  Considering the scope of documents requested and the fact that the shortened time to respond is a clear attempt to circumvent the 30 day response period under Rule 34, Plaintiff's subpoena to Defendant Cangelosi is improper.

Because the Court finds that both subpoenas must be quashed to the extent they seek the production of documents from either Defendant or Clark, it does not address the remaining arguments presented by Defendant. For the reasons given above,

**IT IS ORDERED** that Defendant's Motion to Quash and/or Motion for Protective Order (R. Doc. 131) is **GRANTED**. The depositions may take place as agreed upon by the parties, but the requests to produce documents are quashed.

Signed in Baton Rouge, Louisiana, on January 26, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**