UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOA T. NGUYEN, ET AL.                                    CIVIL ACTION

VERSUS

LOUISIANA STATE BOARD OF                                  NO.: 14-00080-BAJ-RLB
COSMETOLOGY, ET AL.

RULING AND ORDER

Before the Court are a **Motion for Summary Judgment (Doc. 109)** filed by Defendant Celia R. Cangelosi ("Cangelosi"), and a **Motion for Summary Judgment (Doc. 143)** filed by Defendants the Louisiana State Board of Cosmetology ("LSBC"), Sherrie Stockstill ("Stockstill"), and Margaret Keller ("Keller"). The Defendants seek to dismiss the claims of Hanh Hoang d/b/a Aloha Nails #2 ("Hoang"), on the grounds that Hoang's claims are prescribed. The Plaintiff filed Oppositions, (Docs. 114, 145), and the Defendant Cangelosi filed a Reply, (Doc. 121). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Oral argument is not necessary. For the reasons explained herein, Defendants' Motions are **GRANTED**.

I.  BACKGROUND

Hoang is one of nine plaintiffs seeking injunctive relief and damages against the LSBC and individuals associated with the LSBC, including Cangelosi, Stockstill, and Keller.[1] Plaintiffs are nail salon owners in Louisiana who allege that they have been "harassed, intimidated, falsely imprisoned, and arbitrarily discriminated

---

[1] Plaintiffs' claims against Steve Young and Frances Hand were previously dismissed with prejudice. (Doc. 63).

against or racially profiled based on their race, ethnicity or national origin by the Louisiana State Board of Cosmetology and/or its agents." (Doc. 1-1 at ¶ 5).[2] Specifically, Plaintiffs assert claims of (1) racial discrimination in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, and (2) false imprisonment.[3]

Regarding the specific allegations related to Hoang, the Complaint alleges that Hoang owned Aloha Nails #2 in East Baton Rouge Parish for two years. (Doc. 1-1 at ¶ 9). Sometime between April and May of 2012, the Complaint alleges that LSCB inspector, Margret Keller, entered Aloha Nails #2 without prior notice. According to the Complaint, Keller "immediately went to the supply room and began talking on the phone . . . consistently laughing and joking in the presence of Ms. Hoang and her patrons." (*Id.*). The Complaint alleges that Keller subsequently cited Hoang "for over $3,000 worth of violation fees." (*Id.*). Hoang was allegedly subjected to unpredictable and frequent inspections until she sold her salon on September 1, 2012.[4] (*Id.*).

In the instant Motions, Defendants move the Court for summary judgment on the grounds that Hoang's § 1983 claim is barred by the statute of limitations. Defendants aver that there is a one year statute of limitations for § 1983 claims that

---

[2] The Complaint alleges that Plaintiffs filed suit on their own behalf as well as on behalf of a class of similarly situated persons pursuant to Rules 23(a) and 23(b). As explained in an earlier Ruling, Plaintiffs did not comply with the Court's Local Rules regarding class actions, and no class has been certified in this matter. (*See* Doc. 61 at p. 2 n.2).

[3] On March 20, 2015, the Court issued a Ruling and Order (Doc. 63) on a Motion to Dismiss filed by Defendants LSBC, Steve Young, Frances Hand, Sherrie Stockstill, and Margaret Keller. In the Court's Ruling and Order, it dismissed Plaintiffs' claims against Steve Young and Frances Hand. The Court also dismissed Plaintiffs' claim against Keller for false imprisonment, which effectively dismissed any potential false imprisonment claim asserted by Hoang.

[4] *See* Doc. 109-4, Hoang Dep. 217:7-9.

arise in Louisiana, and that more than one year lapsed between the alleged violations in 2012 and the filing of the Complaint on February 6, 2014. (Doc. 109-1 at pp. 6-7; Doc. 143 at p. 3). In opposition, Hoang contends that § 1983 claims have a four year statute of limitations. (Doc. 114-1 at pp. 4-5). In the alternative, Hoang argues that the § 1983 violations stem from a "systematic policy and practice of discrimination," which included Hoang's claims and allows her to file suit after the one year statute of limitations. (*Id.* at pp. 6-7).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by

only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.  DISCUSSION

The Court's first task is to determine the applicable statute of limitations period for § 1983 claims that arise in Louisiana. It is well settled that the "statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose." *Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Louisiana, the applicable prescription period for personal injury actions is one year. LA. Civ. Code Ann. art. 3492. Furthermore, "[t]he limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Victorian v. Cooper*, 538 F. App'x 570, 571 (5th Cir. 2013) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

According to the Complaint, Hoang owned her business for two years, and during that time, she was subjected to unpredictable and frequent inspections until she sold it on September 1, 2012. (Doc. 1-1 at ¶ 9). Hoang alleges that she was forced to "sell her salon business to escape from LSBC inspector's harassment and discrimination." (*Id.*). Based on a plain reading of the Complaint, it is clear that Hoang was aware of her injury when she sold her business allegedly as a direct result of the discrimination described in the Complaint. Therefore, the one year prescriptive period began to run on September 1, 2012, and ended September 1, 2013, which was over five months before Plaintiffs filed this action on February 6, 2014.

Nonetheless, Hoang contends that her injury did not accrue in 2012, but accrued part and parcel with her co-plaintiffs as a result of a systematic policy or practice of discriminating against Vietnamese-American owned nail salons. (Doc. 114-1 at pp. 6, 8). Hoang cites a Title VII case, *Amtrak v. Morgan*, 536 U.S. 101 (2002), to support her contention that LSBC created a "hostile work environment for Vietnamese-American nails [sic] salon owners . . . that spanned over a period of years." (*Id.* at 7-8). Hoang's reliance on *Morgan*, however, is entirely misplaced. First, *Morgan* involved a Title VII claim against an employer, and not a § 1983 claim against a non-employer. Second, all of the incidents alleged by the plaintiff in *Morgan*, including incidents that occurred within and outside the statute of limitations period, were personal to the plaintiff. Finally, Hoang does not allege a hostile-work environment claim in the Complaint, as was featured in *Morgan*.

The violations alleged by Hoang are discrete violations that cannot be anchored to the prescription period of co-plaintiffs. The deprivation of a constitutional right is personal to each plaintiff, thus, § 1983 claims cannot rely on another plaintiff's injury. *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *Manieri v. Layirrison*, No. CIV.A. 98-0501, 2001 WL 25657, at *3 (E.D. La. Jan. 9, 2001). Here, Hoang is seeking to rely on the alleged injuries of her co-plaintiffs to circumvent the prescription period of her own claims. To permit Hoang to proceed would allow time-barred litigants to evade prescription by filing suit with co-litigants that have similar, but timely claims. Accordingly, the Court finds that Hoang's claims are time-barred and summary judgment is appropriate, dismissing Hoang's claims against Defendants with prejudice.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 109)** and **Motion for Summary Judgment (Doc. 143)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Hanh Hoang d/b/a Aloha Nails #2's claims against Celia R. Cangelosi, the Louisiana State Board of Cosmetology, Sherrie Stockstill, and Margaret Keller, are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 21ˢᵗ day of March, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**