UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THOA T. NGUYEN, et al.**                                                        **CIVIL ACTION**

**VERSUS**                                                                              **NO. 14-80-BAJ-RLB**

**LOUISIANA STATE BOARD
OF COSMETOLOGY, et al.**

---

### ORDER DENYING DEFENDANT CANGELOSI'S MOTION TO COMPEL
---

Before the Court is Defendant Celia Cangelosi's Motion to Compel (R. Doc. 142) Plaintiffs' complete responses to Interrogatory No. 22, "which seeks an identification of the plaintiffs' witnesses at trial and the pertinent facts known by each." (R. Doc. 142-2 at 1). Defendant also asks the Court for an "order limiting the testimony at the trial" of certain witnesses. (R. Doc. 142-2 at 1). Finally, Defendant asks that Plaintiffs be ordered to pay her reasonable attorneys' fees and expenses associated with the filing of this Motion. (R. Doc. 142-2 at 1). The Motion is opposed by Plaintiffs. (R. Doc. 144). For the reasons given below, Defendant's Motion to Compel is **DENIED**.

The Court's Scheduling Order requires that the parties identify those witnesses they may call at trial in their proposed pretrial order due on September 28, 2016. (R. Doc. 67). Therefore, the Court will not issue an order compelling the identification of may-call witnesses at a time that conflicts with its own Scheduling Order. (R. Doc. 67). *See Mack v. Benjamin*, 2014 WL 7359054, at *2 (M.D. La. Dec. 23, 2014) (denying plaintiff's motion to compel "production of the exhibits that Defendant may offer at trial," as the request was premature; the scheduling order

and not the parties would proscribe deadlines for identifying and producing trial exhibits).  As such, Defendant's Motion is **DENIED** to the extent it seeks an order compelling Plaintiffs to supplement their responses to Interrogatory No. 22.

Similar to the information requested in Interrogatory No. 22, the Court notes that the parties were required to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information," as part of their initial disclosures on or before July 14, 2014 (R. Doc. 34). Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e)(1) further obligated Plaintiffs (and all parties) to continuously "supplement or correct" their initial disclosures "in a timely manner if [they] learn[ed] that in some material respect the disclosure . . . is incomplete or incorrect . . . ."  Defendants have not asked the Court for an order compelling Plaintiffs to supplement their initial disclosures or otherwise complained about Plaintiffs' initial disclosures.  Simply put, the adequacy of Plaintiffs' initial disclosures is not before the Court.

Nonetheless, the parties are reminded that under Rule 37(c)(1), a party who fails to give information "or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *See Caskey v. Man Roland, Inc.*, 83 F.3d 418, at *5 (5th Cir. 1996) ("district court violated its discretion in failing to invoke the mandatory exclusion sanction of Rule 37(c)(1)" by not excluding defendant's surveillance tape requested by plaintiff during discovery, but presented by defendant for the first time at trial); *Red Dot Bldgs. v. Jacob Technology, Inc.*, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) (Rule 37(c)(1)'s exclusion "is mandatory and automatic unless the party demonstrates substantial justification or harmlessness."); *Moore v. BASF Corp.*, No. 11–1001, 2012 WL 4344583, at *4 (E.D. La. Sept.

21, 2012) (a party is not excused from its Rule 26 obligations "because it has not fully investigated the case").

To the extent any witnesses are identified on Plaintiff's may-call witness list (due September 28, 2016), that were not otherwise made known to Defendant during discovery despite an obligation to do so, Defendant may move the district judge for an order striking those witnesses.[1]  Defendant's current request that the Court strike certain witness testimony is premature and not appropriately sought in this Motion to Compel.  A motion seeking to strike certain witnesses or otherwise limit their testimony at trial, would be considered and ruled upon by the district judge.  Therefore, Defendant's Motion to Compel is **DENIED** to the extent it seeks an order striking certain witness testimony at trial.

Finally, because the Court has denied Defendant's Motion to Compel, her request for reasonable expenses and attorneys' fees is likewise **DENIED**.  Each party will bear their own costs associated with the instant Motion.

Signed in Baton Rouge, Louisiana, on April 13, 2016.

_____
RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court does have concerns regarding the apparent limited nature of Plaintiffs' responses, the last minute supplementation, and the failure to identify most of the witnesses in the initial disclosures.