UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOA T. NGUYEN, ET AL.
    Plaintiffs

VERSUS

LOUISIANA STATE BOARD OF
COSMETOLOGY, ET AL.
    Defendants

CIVIL ACTION NO.: 3:14-cv-00080

JUDGE BRIAN A. JACKSON

MAGISTRATE JUDGE RICHARD L.
BOURGEOIS, JR.

---

### CANGELOSI MEMORANDUM IN SUPPORT OF FRCP RULE 56 MOTION FOR SUMMARY JUDGMENT (THOA T. NGUYEN d/b/a EXOTIC NAILS)

**MAY IT PLEASE THE COURT:**

**Preliminary Statement**

As overwhelmingly documented below, Celia R. Cangelosi ("Cangelosi") was not involved in the inspection of Thoa T. Nguyen d/b/a Exotic Nails ("Thoa Nguyen") on July 19, 2013, or any other inspection of such salon.   In fact, the only actions taken by Cangelosi which concerned Thoa Nguyen are that she reviewed the inspection report and notices of violation concerning the July 19, 2013 inspection of Exotic Nails, and she thereafter prepared informal hearing letters addressed to Thoa Nguyen and Exotic Nails pursuant to La. R.S. 49:961(C).   She did this review and prepared the informal hearing letters as the complaint counsel for the LSBC, and she has absolute prosecutorial immunity for such.

**Procedural history regarding Thoa Nguyen:**

On February 6, 2014, Thoa Nguyen and others filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana State Board of Cosmetology ("LSBC"), Sherrie Stockstill ("Stockstill"), Margaret Keller ("Keller") (hereafter collectively the "LSBC Defendants"), Cangelosi , and others who have since been

1

dismissed.   (R. Doc. 1).   The specific allegations of Thoa Nguyen against the defendants are contained in the complaint at ¶¶ 7 and 29.   In paragraph 7, Thoa Nguyen complains that she was the owner of Exotic Nails and that she ran her business for three (3) years without any problems with the State or City.   *See,* R. Doc. 1, para. 7.   However, on July 19, 2013, she complains that two Caucasian women (one of whom she believes is Sherrie Stockstill) made an improper inspection of her salon in front of patrons which lasted two hours, without showing identification or presenting documentation. *Id.*   Thoa Nguyen believes that she "was targeted for inspection because of her race." *Id.*   In paragraph 29, Thoa Nguyen complains that she suffered false imprisonment because the inspectors exerted false police authority by ordering her to cease work and "not permit them to leave the store premises." *Id.* at para. 29.

**Celia Cangelosi ("Cangelosi") is nowhere mentioned in either paragraph 7 or 29.**   On April 28, 2014, Cangelosi filed a Rule 12(b)(6) and 12(b)(1) Motions to Dismiss, Motion to Strike, and Special Motion to Strike (the "First Motion to Dismiss").   (R. Doc. 16).

On August 13, 2014, Thoa Nguyen and others filed their First Amended and Supplemental Complaint.   (R. Doc. 44).   Therein, Thoa Nguyen made no additional specific allegations against Cangelosi or any other defendant concerning the July 29, 2013 inspection, or herself.   *Id.*   On August 28, 2014, Cangelosi filed a Rule 12(b)(6) and 12(b)(1) Motion to Dismiss and Special Motion to Strike Plaintiffs' First Amended and Supplemental Complaint (the "Second Motion to Dismiss").   (R. Doc. 46).

On November 19, 2014, the Court denied Cangelosi's [16] First Motion to Dismiss as moot, since Cangelosi had adopted the recitation of facts and the arguments contained therein in her Second Motion to Dismiss.   (R. Doc. 51).   On February 11, 2015, the Court denied Cangelosi's [46] Second Motion to Dismiss.   (R. Doc. 61).   However, the Court observed that "[i]n the event that the discovery process reveals evidence providing a valid basis to challenge the Court's subject matter jurisdiction over the instant matter, Defendant may file an appropriate motion at a later juncture in the proceedings." *Id.* at p. 7.   The Court further observed that "[i]f the discovery process supplements the record with more facts

demonstrating quasi-judicial or quasi-prosecutorial functions to be within the scope of Defendant's [Cangelosi's] responsibilities and duties as an LSBC official, the Court will reconsider the question of Defendant's absolute immunity upon a motion properly raised at a later time." *Id.* at p. 14-15.   As to qualified immunity, the Court initially observed that the face of the Plaintiffs' complaint does not seek damages against Cangelosi, as the complaint does not contain facts sufficient to support a false imprisonment claim against Cangelosi, but only declarative and injunctive relief.   Again, however, "[s]hould discovery adduce additional facts to allow the Court to ascertain a viable claim against Defendant [Cangelosi] in her individual capacity, Defendant may raise an argument for qualified immunity again and the Court will evaluate her entitlement to qualified immunity at such time." *Id.* at 16.

Numerous depositions have now been taken in this case, including the depositions of Thoa Nguyen, Stockstill, Keller (another LSBC inspector), Cangelosi, Steve Young (the LSBC Executive Director), and Frances Hand (the LSBC Board Chairman).   Tens of thousands of pages of documents have been produced by the defendants and reviewed by the plaintiffs.   From all of this discovery, it is absolutely clear and undisputed that Cangelosi did not direct, instruct, oversee, or supervise Stockstill or any other inspector on July 19, 2013, nor was she involved in their training.   Rather than "target" Thoa Nguyen for inspection because of her race, as claimed, Cangelosi was not involved in the inspection of Exotic Nails on July 19, 2013 at all.

Further, it is undisputed that the only actions taken by Cangelosi which concern Thoa Nguyen are that she reviewed the inspection report and notices of violation concerning the July 19, 2013 inspection of Exotic Nails, and she thereafter prepared informal hearing letters addressed to Thoa Nguyen and Exotic Nails pursuant to La. R.S. 49:961(C).   These letters were for the review and use, if deemed appropriate, of the Executive Director of the LSBC.   She did this review and prepared the informal hearing letters as the complaint counsel for the LSBC, and she has absolute prosecutorial immunity for doing such.

In granting the defendants' motions for summary judgment directed to Hanh Hoang on grounds of

3

prescription, the Court again noted that the plaintiffs did not comply with the Court's local rules regarding

class certification, that no class action has been certified, and that:

> The deprivation of a constitutional right is personal to each plaintiff, thus § 1983 claims cannot rely on another plaintiff's injury.   Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986); Manieri v. Layirrison, No. CIV.A. 98-0501, 2001 WL 25657, at *8 (E.D. La. Jan. 9, 2001).

> (R. Doc. 146 at p. 2 (note 2) and p. 6). (Emphasis added).

Accordingly, this motion will focus on the alleged deprivations of constitutional rights claimed by

Thoa Nguyen.[1]

**Factual Background:**

There are approximately seven-thousand five-hundred (7,500) cosmetology, hair, nail, and esthetic

salons in Louisiana, of which approximately eight hundred fifty – nine hundred (850 – 900) are nail salons.[2]

There are eleven (11) LSBC inspectors in the State, each of whom has a primary geographical area.[3]   Each

LSBC inspector is responsible for about six hundred fifty (650) salons.[4]  If possible, each salon is inspected

twice a year.[5]   Thus, these plaintiffs are complaining about a very tiny fraction of the approximately fifteen

thousand inspections which occur each year.[6]

In her complaint, Thoa Nguyen states that she was the owner of Exotic Nails and that she ran her

business for three (3) years without any problems with the State or City.   (R. Doc. 1, para. 7).   However,

she claims that on July 19, 2013, two Caucasian women improperly inspected Exotic Nail in various

particulars. Id. at ¶¶ 7 and 29.

---

[1] Motions for summary judgment will be filed by Cangelosi directed to the other remaining plaintiffs, and each of those motions will likewise focus on the alleged deprivations of constitutional rights claimed by each of those other plaintiffs.

[2] Exhibit 1 - Young dep. at pp. 35-36, 168-69.

[3] Exhibit 2 - Young dep. exhibit No. 3; Exhibit 1 - Young dep. at p. 34.

[4] Id. at pp. 36-37.

[5] Id.; See also Exhibit 3 – Margaret Keller (inspector) dep. at p. 14 where she states, "I try to make them at least twice a year if I can get to them."

[6] For example, during 2011 plaintiffs complain about one of the approximately fifteen thousand inspections which occurred (Hien Hoang); during 2012 plaintiffs complain about one inspection (Hien Hoang), and during 2013 plaintiffs complain about five inspections (two for Hien Hoang, one for Thoa Nguyen, one for Uan Pham, and one for Mai Nguyen).

The two LSBC inspectors who inspected Exotic Nails on July 19, 2013, were Sherrie Stockstill ("Stockstill") and Debra Ashmore ("Ashmore").[7]   As was their normal practice, the inspectors prepared an inspection report; since the inspectors found violations, the inspectors also prepared notices of violations.[8]   Stockstill investigated Exotic Nails on July 19 because her supervisor, Tywanda Spland, had received several complaints concerning other salons in Lafayette.[9]   Spland asked Stockstill to make inspections of those other salons, and Stockstill asked Ashmore for help.[10]   This was a special assignment from Spland, and she reported on such to Spland.[11]

Cangelosi did not direct, instruct, oversee, or supervise Stockstill or Ashmore on July 19, 2013,[12] nor was she involved in their training.[13]   Cangelosi was not involved in any way with the inspection of Exotic Nails on July 19, 2013, nor with any other inspection of Exotic Nails at any other time.[14]   As confirmed by the Executive Director, Cangelosi has no relationship with the inspectors.[15]

During their inspection of Exotic Nails on July 19, 2013, the inspectors found numerous violations, including: (1) allowing unlicensed individuals to work as manicurists at Exotic Nails; (2) allowing the conducting of waxing at Exotic Nails; (3) advertising waxing at Exotic Nails, and (4) failing to maintain

---

[7] Exhibit 4 – Inspection Report No. 228089 and Notice of Violation Nos. 36767, 35736, 35737, 35739, 36768, and 35735.

[8] *Id.*

[9] Exhibit 5 – Stockstill dep. at pp. 133-34.

[10] *Id.*

[11] *Id., see also* Exhibit 6 – Stockstill dep. exhibit 6.

[12] As explained by Steve Young, the Executive Director of LSBC, the inspectors are directly supervised by Tywanda Spland, who reports to Deborah Johnson, who reports to him.  (Exhibit 1 – Young dep. at pp.12-21).   The day-to-day operations of the inspectors are overseen by Tywanda Spland and Deborah Johnson. (*Id.* at 19)   An inspector turns in a list of salons to be inspected for the week, and they then call in each day and their phone tracks them.  (*Id.* at 19-21). Stockstill likewise testified that she is overseen by Spland and Young, and no one else.  (Exhibit 5 - Stockstill dep. at p. 31).   The inspectors set their own routes.  (Exhibit 3 – Margaret Keller dep. at pp. 46-50, particularly at p. 48.)  *See also* Exhibit 7 - Cangelosi dec. ¶ 7 and Exhibit 8 – Cangelosi dep. at p. 20.

[13] The inspectors are trained by a mentor who travels with the trainee for a period of time, which mentorship may last up to a year. (Exhibit 1 – Young dep. at pp. 21-25). The inspectors are also given the Gold Book, which is the Cosmetology Law. (*Id.* at 22). If a detailed explanation is needed, it is provided by Sheri Morris, the LSBC general counsel. (*Id.* at 22).   It is a "question-and-answer, learn day-to-day, event-by-event experience type of training." (Id. at 23).   Attorneys are not involved during this training.   (*Id.* at 24). As an example, Margaret Keller was trained for a year or more under Stockstill.  (Exhibit 3 – Keller dep. at pp. 11-12).   The inspectors also receive formal training.  (*Id.* at pp. 34-55).  *See also* Exhibit 7 - Cangelosi dec. ¶ 9.

[14] Exhibit 7 – Cangelosi dec. ¶ 10.

[15] Exhibit 1 – Young dep. at pp. 136-37.

the premises of Exotic Nails in a sanitary condition.[16] The Notice of Violation form has a place where the inspector can indicate that an administrative hearing concerning the alleged violations should be held.[17] For the inspection of Exotic Nails on July 19, 2013, the two inspectors (Stockstill and Ashmore) both indicated that an administrative hearing should be held.[18]

Stockstill and Ashmore submitted the inspection report and notices of violation concerning their July 19, 2013 inspection of Exotic Nails to Steve Young, the Executive Director of LSBC, which was their normal practice.[19]  Young, through LSBC employee Tisha Butler, then sent the inspection report and notices of violation concerning the July 19, 2013 inspection of Exotic Nails to Cangelosi at her office for her review and to prepare documents to initiate disciplinary proceedings, if warranted.[20]

On July 19, 2013, and thereafter, Cangelosi was the primary complaint counsel for the LSBC, having served as such since approximately 2001.[21]  Cangelosi reviewed the inspection report and notices of violation concerning the July 19, 2013 inspection of Exotic Nails, and she thereafter prepared informal hearing letters addressed to Thoa Nguyen and Exotic Nails pursuant to La. R.S. 49:961(C) for the review and use, if deemed appropriate, of the Executive Director of the LSBC.[22]  On or about September 16,

---

[16] Exhibit 4 -- Inspection Report No. 228089 and Notice of Violation Nos. 36767, 35736, 35737, 35739, 36768, and 35735; Exhibit 5 – Stockstill dep. at pp. 135-164.

[17] See Notice of Violations attached as part of Exhibit 4 and deposition testimony of Steve Young attached as Exhibit 1 at pp. 85-86, explaining that such violations where the inspector so checks or writes "Board Action" are sent to Cangelosi.

[18] Exhibit 4 –Notice of Violation Nos. 36767, 35736, 35737, 35739, and 35735.

[19] Exhibit 5 – Stockstill dep. at p. 140.

[20] Exhibit 7 – Cangelosi dec. ¶¶ 17 and 18.  See also deposition testimony of Steve Young attached as Exhibit 1 at pp. 85-86, where he explains that the violations where the inspector so checks or writes "Board Action" are sent to Cangelosi. See also Exhibit 8 – Cangelosi dep. at pp. 8-9 and 21-26 where Cangelosi discusses the procedure.

[21] Exhibit 7 – Cangelosi dec. ¶ 12 and Exhibit 8 -- Cangelosi dep. at p. 5.  The Contract for Professional Services between LSBC and Cangelosi for the period July 1, 2011 and ending June 30, 2014 is attached hereto and identified as Exhibit 9, and such contract for the period July 1, 2014 and ending June 30, 2017 is attached hereto and identified as Exhibit 10.  See also Exhibit 1 -- deposition testimony of Steve Young at pp. 88-91, where he explain that the LSBC has two contract attorneys, one of whom serves as the board adviser and also prosecutes school violators (Sheri Morris) and the other of whom serves as the prosecutor of all other violations and advises the board in hearings involving cosmetology schools (Cangelosi).

[22] Exhibit 7 – Cangelosi declaration ¶ 19 and Exhibit 8 – Cangelosi dep. at pp. 22-23.  See also deposition testimony of Steve Young at pp. 101-05, where he explain that Cangelosi, as complaint counsel or prosecutor, prepares legal documents such as hearing notices, rules to show cause, and various instruments sent to a defendant.  She also notifies the board to have a stenographer, to have an interpreter, and time perimeters of the hearing.  Cangelosi appears at hearings and is the prosecuting attorney at such (or the advisor if the case involves an alleged school violation).  (Exhibit 1 - Young dep. at p. 101-05.)  As complaint counsel, Cangelosi is only present at board meetings when the board has hearings.  (Exhibit 11 - Hand dep. at 53-60).

2013, the Executive Director sent the informal hearing letters by certified mail, return receipt requested, to Thoa Nguyen and Exotic Nails.[23]

> The informal hearing letters provided in pertinent part:

> In accordance with La. R.S. 49:961 (C), you [Thoa Nguyen] are given an opportunity to show compliance with all lawful requirements for the retention of the license of Thoa Thu Nguyen d/b/a Exotic Nails as a manicuring salon within the State of Louisiana by submitting a written statement and any supporting documentary evidence which would demonstrate compliance with the Louisiana Cosmetology Act.

> Your response must be received by the Board office no later than 10 days following your receipt of this letter. Failure to respond within the delay provided will be deemed a waiver of your right to informally show compliance and the matter will be scheduled for formal hearing before the Board.

> If you have any questions or require additional information regarding this matter, please contact the Board's attorney, Celia R. Cangelosi, at (225) 387-0511.

(*Id.*)

Thoa Nguyen did not respond, in writing or otherwise, to the informal hearing letters dated September 16, 2016.[24]

Approximately mid-February of 2014, Cangelosi prepared formal charges to be initiated against Thoa Nguyen pursuant to La. R.S. 37:600 for the review and use, if deemed appropriate, of the Executive Director of the LSBC.[25] Formal charges against Thoa Nguyen were never finalized or initiated because on February 6, 2014, Thoa Nguyen and other manicuring salon owners filed this complaint.[26]

No hearing of the LSBC has been held concerning the alleged violations of Thoa Nguyen found by the inspectors on July 19, 2013, or on any other alleged violations by her or her salon. If a hearing had been scheduled or held concerning the alleged violations of Thoa Nguyen, the Board meeting agenda for same would have been prepared by Tisha Butler, the board secretary.[27]

---

[23] Exhibits 12 and 13.

[24] Exhibit 7 – Cangelosi dec. ¶ 20.
[25] Young of course has the authority to change something. (Exhibit 1 - Young dep. at p. 119).
[26] Exhibit 7 – Cangelosi dec. ¶ 22.
[27] Exhibit 1 - Young dep. at p. 105. Tisha Butler works under Young, not Cangelosi. (Exhibit 1 - Young dep. at 161).

To summarize: the only action taken by Cangelosi concerning Thoa Nguyen was her [Cangelosi's] review of the inspection report and notices of violation prepared by the inspectors on July 19, 2013, and her then preparation of informal hearing letters addressed to Thoa Nguyen and Exotic Nails.   She did all of this as the complaint counsel for the LSBC.

**Law and Argument:**

**1.   Standard for Summary Judgment:**

Upon a showing that there is no genuine issue of material fact, the court may grant summary judgment on all or any part of Plaintiffs' claim. FRCP Rule 56(a). FRCP Rule 56(c) states that the court shall grant summary judgment if:

> the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Material facts are determined by the substantive governing law. The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 248 and 249 (1986).

**2.   General principles pertaining to absolute immunity.**

As previously stated by this Court in its Ruling and Order (R. Doc. 61) concerning the applicability of absolute immunity to Cangelosi:

> "'Absolute immunity' denies a person whose federal rights have been violated by a government official of any type of remedy.   As such the [U.S.] Supreme Court has been 'quite sparing' in recognizing absolute immunity." *O'Neal v. Miss. Bd. Of Nursing,* 113 F.3d 62, 65 (5th Cir. 1997). Qualified immunity, on the other hand, renders government officials immune from "liability for the performance of their discretionary actions unless their conduct violates clearly established statutory or constitutional rights which a reasonable person would have known." *Id.*
>
> Whether an official may assert absolute or qualified immunity depends on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (*Forrester v. White*, 484 U.S. 219, 229 (1988)).   An official may be fully protected by absolute immunity when carrying out one function, but may only be protected by qualified immunity when performing another function. *See id.*

8

*a) Absolute Immunity*

"Whether a defendant possesses absolute immunity from suit is a question of law." *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990)). "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991).

\*\*\*

"[O]fficials who are responsible for the decision to initiate or continue a proceeding subject to an agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz v. Economou*, 483 U.S. 478, 516 (1978)). The Fifth Circuit has held that absolute immunity extends to members of administrative boards serving in quasi-prosecutorial and quasi-judicial roles. *Di Ruzzo v. Tabaracci*, 480 F. App'x 796, 797 (5th Cir. 2012) (absolute immunity extends to counsel and members of Texas Medical Board performing quasi-prosecutorial and quasi-judicial functions); *see also Austin Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676 (5th Cir. 1985) (absolute immunity extended to association, its disciplinary officers, and its staff members to the extent they were acting as prosecutors within the outer scope of their duties).

Although the Court examines the nature of the function performed and not the identity or title of the actor who performed it, the Court may only determine quasi-prosecutorial absolute immunity to be applicable when the official's challenged activities arise from the performance of her traditional official duties. *See Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (reaffirming the notion that "the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate" (emphasis added)); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976) (common-law immunity for judges applies to "acts committed within their judicial jurisdiction," and a prosecutor similarly enjoys absolute immunity when acting "when he acts within the scope of his prosecutorial duties" (internal quotation marks and citation omitted) (emphases added)).

(R. Doc. 61 at p. 11)

Finally, absolute prosecutorial immunity is an immunity from suit. *See Imbler*, 424 U.S. at 420-29 (recognizing that prosecutors quasi-judicial immunity is "derivative of the immunity of judges," approving and following the decision in *Yaselli v. Goff*, 12 F.2d 396 (1926) which held that a prosecutor "is *immune from a civil action*," and finding that a prosecutor cannot be "*subject to suit* by those who he accuses and fails to convict") and *Di Ruzzo*, 480 Fed.Appx. at 797 ("[i]t is well established that state agents performing quasi-judicial and quasi-prosecutorial functions are entitled to absolute immunity *from suit*. [citations omitted]." (Emphasis added).

3. **Cangelosi is protected by absolute immunity from the constitutional deprivations alleged by Thoa Nguyen.**

Applying the above general principles to Cangelosi, Cangelosi is protected by absolute immunity for all of her actions related to Thoa Nguyen.   The inspection about which Thoa Nguyen complains occurred on July 19, 2013. This inspection was made by Stockstill and Ashmore, two LSBC inspectors. It was made as a result of a special assignment to Stockstill from Spland, the supervisor of Stockstill. Stockstill then asked Ashmore for help.

Cangelosi did not direct, instruct, oversee, or supervise Stockstill or Ashmore on July 19, 2013, nor was she involved in their training.   Cangelosi was not involved in any way with the inspection of Exotic Nails on July 19, 2013, nor with any other inspection of Exotic Nails at any other time.

Stockstill and Ashmore submitted the inspection report and notices of violation concerning their July 19, 2013 inspection of Exotic Nails to Young, the Executive Director of LSBC, which was their normal practice.   The notices of violation indicated that an administrative hearing should be held.   Young, through the LSBC secretary Tisha Butler, sent the inspection report and notices of violation concerning the July 19, 2013 inspection of Exotic Nails to Cangelosi for her review and to prepare documents to initiate disciplinary proceedings, if warranted.

On and for many years before July 19, 2013, and thereafter, Cangelosi was the primary complaint counsel for the LSBC, having served as such since approximately 2001.   Cangelosi reviewed the inspection report and notices of violation concerning their July 19, 2013 inspection of Exotic Nails.   The report and violations showed multiple violations by Thoa Nguyen, including: (1) allowing unlicensed individuals to work as manicurists at Exotic Nails; (2) allowing the conducting of waxing at Exotic Nails; (3) advertising waxing at Exotic Nails, and (4) failing to maintain the premises of Exotic Nails in a sanitary condition. One of the notices stated that "[b]oth workers [giving a pedicure] went out the back door and

did not give ID nor have manicure license."[28]   In her answers to requests for admission, Thoa Nguyen admitted that two persons ran out the back door but claimed that these two persons were "just customers" who "did not want to get involved."[29]   Another notice stated that the inspectors witnessed a warm wax pot with implements in room, and someone removed waxing pot and supplies and placed outside back door.[30] During her deposition, Thoa Nguyen admitted that waxing was conducted at Exotic Nails.[31]

After reviewing the inspection report and notices of violation, Cangelosi prepared informal hearing letters addressed to Thoa Nguyen and Exotic Nails, pursuant to and as required by La. R.S. 49:961(C),[32] for the review and use, if deemed appropriate, of the Executive Director of the LSBC.   The preparation of such letters is something that Cangelosi has done countless times over many years as the LSBC complaint counsel.   On or about September 16, 2013, informal hearing letters were sent by certified mail, return receipt requested, to Thoa Nguyen.[33]

The only action taken by Cangelosi concerning Thoa Nguyen and the alleged violations found by the inspectors on July 19, 2013, was preparation of the informal hearing letters addressed to Thoa Nguyen and Exotic Nails referenced above.   Thoa Nguyen did not respond, either in writing or otherwise, to those letters.[34]

No hearing of the LSBC has been held concerning the alleged violations of Thoa Nguyen found by the inspectors on July 19, 2013, nor on any other alleged violations by her or her salon.   No fine has been

---

[28] Exhibit 4, Notice of Violation No. 35737.
[29] Exhibit 14 -- Thoa Nguyen response to RFA No. 5. In her deposition, Thoa Nguyen testified that these two persons were not customers but just friends who came to visit.   (Exhibit 14 - Thoa Nguyen dep. at pp. 76-81).
[30] Exhibit 4, Notice of Violation No. 37539.
[31] Exhibit 15 -- Thoa Nguyen dep. at pp. 17-20, 25-28, 82-84, 108-09.   There was even a "waxing room," a separate room where the waxing was performed.   *Id.* at 108.
[32] La. R.S. 49:961(C) provides: "C. No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gives notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee is given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined."
[33] Exhibits 12 and 13.
[34] Exhibit 7 – Cangelosi dec. ¶ 20.

assessed.   No consent agreement has been reached.

The review of the inspection report and notices of violation and the preparation of the informal letters is part of the traditional function of a complaint counsel for a licensing board.[35]   Cangelosi was serving as complaint counsel for the board, and she is ethically obligated to fulfill her charge to the full extent of the board's authority.   Cangelosi is protected by absolute immunity for her performing such functions.

4. **General principles pertaining to qualified immunity.**

As previously stated by this Court in its Ruling and Order (R. Doc. 61) concerning the applicability of qualified immunity to Cangelosi:

> Qualified immunity shields defendants from "civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).   A court should grant a Rule 12(b)(6) motion to dismiss based on qualified immunity unless the complaint states facts showing that a defendant violated a plaintiff's clearly established federal right. "[Q]ualified-immunity analysis is based upon two, well-established prongs: (1) whether plaintiffs show violation of a clearly-established statutory or constitutional right; and, if so, (2) whether they show defendants' action were objectively unreasonable in light of clearly established law." *Porter v. Valdez*, 424 F. App'x 382, 386 (5th Cir. 2011) (quotation marks and internal alterations omitted).   *See also Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

(R. Doc. 61 at p. 15)

5. **Cangelosi, in her individual capacity, is protected by qualified immunity from any claim for damages asserted against her by Thoa Nguyen.**

For the reasons stated above in her discussion of absolute immunity, Cangelosi did not violate any clearly established federal right of Thoa Nguyen, and Cangelosi's action in reviewing the inspection report and notices of violation and preparing informal letters (which is all that Cangelosi did concerning Thoa Nguyen) was certainly reasonable.   Accordingly, Cangelosi, in her individual capacity, is shielded from any claim for damages asserted against her by Thoa Nguyen.   However, since no such claims are being

---

[35] Exhibit 16 - Jimmy Faircloth report 3/11/16.

made, as this court has observed,[36] no further discussion of qualified immunity will be made.

      6.  **There is no evidence that Cangelosi was motivated against Thoa Nguyen by intentional discrimination on the basis of race**.

There is an additional reason that summary judgment should be granted in favor of Cangelosi.   As this Court has recognized, plaintiffs assert claims of racial discrimination against Cangelosi in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution.   (R. Doc. 61 at p. 2).   As such, plaintiff must demonstrate that Cangelosi was motivated by racial discrimination.   As stated by the Fifth Circuit in *Coleman v. Houston Independent School District,* 113 F.3d 528,533 (5th Cir. 1997):

> [8] In order to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race. *See Washington v. Davis,* 426 U.S. 229, 238–42, 96 S.Ct. 2040, 2046–49, 48 L.Ed.2d 597 (1976); *Vera v. Tue,* 73 F.3d 604, 609 (5th Cir.1996). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977).

*See also, Minnis v. Board of Sup'rs of Louisiana State University*, 972 F.Supp.2d 878, 886 (M.D. La. 2013, citing *Coleman, supra*).

There is simply no evidence that Cangelosi was motivated against Thoa Nguyen by intentional discrimination on the basis of race.   Although Thoa Nguyen alleges that Cangelosi "targeted her [Thoa Nguyen] for inspection because of her race," the evidence is undisputed that Cangelosi was not involved in the inspection of Exotic Nails at all.

Rather, the inspection report and notices of violation were sent to Cangelosi because the inspectors checked the form indicating that a formal hearing should be held, and Cangelosi was complaint counsel. Upon receipt of the report and notices, Cangelosi reviewed same, as part of her ethical and legal obligations as complaint counsel to the board.   The report and notices indicated that multiple violations had occurred.

---

[36] Ruling and Order (R. Doc. 61 at p. 16 where the Court stated: "Here, the face of Plaintiffs' Complaint does not seek damages against Defendant Cangelosi, but only declarative and injunctive relief in connection with Plaintiffs' constitutional claims of racial discrimination pursuant to § 1983. (*See* Doc. 1 at ¶ 33).")

As required by the Administrative Procedure Act, Cangelosi prepared informal hearing letters.

When asked to "[i]dentify and detail any and all evidence that Cangelosi was involved in any way with you [Thoa Nguyen] or Exotic Nails on or before July 19, 2013," Thoa Nguyen responded:

> Since her time as complaint counsel for the Board, there has been a spike in violation inspections against Asian, especially Vietnamese salons.   My salon is one of them.[37]

Cangelosi became complaint counsel approximately 2001, and there is simply no evidence to support the contention that a spike in violation inspections occurred at that time.   Further, plaintiffs *now* argue that a "spike" occurred in 2005 with LSBC board members (not Cangelosi), specifically when Frances Hand became chairman of the board.[38]   Respectfully, all of this is nonsensical.

There is simply no evidence whatsoever that Cangelosi was motivated in any of her actions by any sort of racial discrimination towards Thoa Nguyen.   Accordingly, regardless of absolute and qualified immunity, summary judgment should also be granted in favor of Cangelosi on the basis that an essential element of the claim of Thoa Nguyen simply does not exist.

**Conclusion:**

Because the summary judgment evidence is clear that Celia Cangelosi is protected by absolute immunity and qualified immunity, and that an essential element of the claim of Thoa Nguyen is missing, the complaint of Thoa Nguyen against Celia Cangelosi should be dismissed pursuant to FRCP Rule 56.

/s/ Paul H. Spaht
Paul H. Spaht (#7687)
Spaht Law Firm, LLC
4232 Bluebonnet Blvd.
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 490-9545
Facsimile (225) 238-6584
paul@spahtlaw.com
Attorneys for defendant, Celia R. Cangelosi

---

[37] Exhibit 14 at p. 7 - Thoa Nguyen answer to interrogatory no. 6.   Thoa Nguyen makes the same statement in her answers to IT nos. 13, 14, 15, and 17, and in her response to RPD Nos. 11 and 14. (Exhibit 14).

[38] R. Doc. 145-1 at p. 3, wherein after quoting from their expert's report, Hanh Hoang states in her opposition to LSBC Defendants' motion for summary judgment on basis of prescription (R. Doc. 144): "Mr. Pham's report corroborates Plaintiff's Hanh Hoang allegation that discrimination began with the LSBC's Board Members, specifically when Ms. Frances Hand was promoted as Board Chair in 2005."   Pham is Thoa Nguyen's expert, too.   (Emphasis added).

14

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Memorandum in Support of FRCP Rule 56 Motion for Summary Judgment was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and to all non-CM/ECF participating parties or counsel by this date depositing same in the United States Mail, first class postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 19th day of May, 2016.

/s/Paul H. Spaht
PAUL H. SPAHT