

BOBBY JINDAL
GOVERNOR

KRISTY H. NICHOLS
COMMISSIONER OF ADMINISTRATION

# State of Louisiana
Division of Administration
Office of Contractual Review

RECEIVED JUL 28 2014

July 24, 2014

Mr. Steve Young
Executive Director
LA State Board of Cosmetology
11622 Sunbelt Court
Baton Rouge, LA 70809

Dear Mr. Young:

Enclosed are approved copies of the following contract submitted to us and received in our office on July 7, 2014.

### LA State Board of Cosmetology
CFMS# 730590    Celia R Cangelosi

The CFMS number preceding the contract name has been assigned by this office and is used as identification for the approved contract. Please use these numbers when referring to the contract in any future correspondence or amendment(s).

The Internal Revenue Service (IRS) may find that this contract creates an employment relationship between your agency and the contractor. You should be advised that your agency is responsible for all taxes and penalties if such a finding is forthcoming. It is incumbent upon your agency to determine if an employee/employer relationship exists. Your agency must make the appropriate withholdings in accordance with law and IRS regulations, if applicable.

We appreciate your continued cooperation.

Sincerely,

Pamela Bartfay Rice, Esq.
Interim Director

State Contracts/Grants Officer

Enclosures

EXHIBIT 10

Post Office Box 94095   •   Baton Rouge, Louisiana 70804-9095   •   (225) 342-7097   •   1-800-354-9548   •   Fax (225) 342-8369
An Equal Opportunity Employer

STATE OF LOUISIANA

CONTRACT FOR PROFESSIONAL LEGAL SERVICES

BE IT KNOWN THAT this agreement is entered into by and between Louisiana State Board of Cosmetology (hereinafter sometimes referred to as "State") and Celia R. Cangelosi (hereinafter sometimes referred to as "Counsel").

1.

Counsel hereby agrees to furnish the following services:
All legal services required by the Board, including but not limited to advisory opinions, legal research and appearances in court on behalf or in defense of the Board serving as complaint counsel or counsel to the Board in disciplinary hearings as required and requested by the Chairman or designee. The scope of this contract does not include litigation or proceedings arising out of or involving tort or worker's compensation. These legal services are to be provided under the immediate supervision of the staff of the State and subject to secondary review by the Department of Justice, Office of the Attorney General.
GOAL/PURPOSE: To protect the interests of the Cosmetology Board and State of Louisiana by providing legal services, including: attendance at board meetings and hearings, providing advisory opinions, legal research, and appearances in court on behalf of or in defense of the State. The intensity of legal service(s) provided is to be determined by the needs of the Board.
OUTCOME ONE: Counsel will provide oral and/or written responses for legal advice.
PERFORMANCE INDICATOR: Response within the requested time period.
MONITORING PLAN: Chairman of the Board of Contract Monitor will review services for the following factors: provision of sufficient information to make informed decisions; essential elements and sequence of required actions clearly communicated; anticipated long-range problems and advise on appropriate action.
OUTCOME TWO: Counsel will regularly and timely provide copies of correspondence, reports, evaluations and other pertinent documentation that either are prepared or received by Counsel.
PERFORMANCE INDICATOR: Submission of copies of correspondence, reports, evaluations and other pertinent documentation on a timely basis.
MONITORING PLAN: Chairman of the Board or Contract Monitor will review documentation submitted for adherence to requirements, completeness, reasonableness and timeliness.
OUTCOME THREE: Counsel will attend Board Meetings and Hearings as required by the Chairman of the Board, Vice-Chairman, any Committee Chairman, Executive Director, or the Assistant Executive Director.
PERFORMANCE INDICATOR: Attendance as reflected in the Board Meeting minutes and hearing records.
MONITORING PLAN: Chairman of the Board or Contract Monitor will validate Counsel's attendance by checking the minutes and records of the hearing at which attendance was requested.

2.

In consideration of services described hereinabove, State hereby agrees to pay the Counsel as

follows:

A maximum fee of one hundred seventy-five dollars ($175.00) per hour for services rendered on a monthly basis, plus out-of-pocket expenses.
The total of all sums payable under this contract including fees and reimbursement of expenses shall not exceed $180,000.00. ($60,000.00 per fiscal year)

Counsel will submit, at the end of each calendar month, an itemization of all work performed listing time by date for work performed by hours, down to the quarter of an hour, with specific reference to the nature of the work performed (e.g., drafting of pleadings, research, review of files, etc.). Invoices for services shall be submitted by Counsel to State for review and approval. All billings by Counsel for services rendered shall be submitted in compliance with LSA - R.S. 39:1521.1.

Counsel shall be reimbursed for out-of-pocket expenses in accordance with the regulations issued by the Division of Administration. Travel time, at the direction and for the convenience of the State, is billable as services if done during normal working hours and if it does not cause service charges for the day to exceed eight hours. Counsel agrees to comply with the instructions on Attachment #1 when submitting invoices.

Counsel hereby agrees that the responsibility for payment of taxes from the funds thus received under this agreement and/or legislative appropriation shall be said Counsel's obligation and identified under Federal tax identification number 72-1089385.

Counsel agrees to submit monthly statements. It is understood that should Counsel fail to submit statements within thirty (30) days following the end of each month, State shall not be responsible for payment thereof under this contract or in quantum meruit.

3.

The Legislative Auditor of the State of Louisiana and/or Division of Administration auditors may audit all records of Counsel which relate to this contract. Counsel shall maintain said records for a period of three years after the date of final payment under this contract.

4.

This contract is in effect for the period commencing July 1, 2014 and ending on June 30, 2017.

Notwithstanding the foregoing, in no event, shall this contract be valid until it has been approved in writing by the Director of the Office of Contractual Review and the Attorney General. The effective date of this contract may be extended only if an amendment to that effect is duly executed by the contracting parties and approved by the necessary authorities prior to said termination date. Requests for extensions may be initiated by either party by the mailing of such request to the party, via Certified Mail, return receipt requested, not less than thirty (30) days before the termination date provided for herein or thirty (30) days before the termination of the first extension of this contract. This contract may only be extended by an executed and approved

amendment for not more than two (2) times. If either party informs the other than an extension of this contract is deemed necessary, an amendment may be prepared by State and forwarded to the other party for appropriate action by the other party, and said amendment is to be returned to State with appropriate information and signatures not less than fifteen (15) days prior to termination date. Upon receipt of the amendment it will be forwarded to the necessary authorities for their approval.

Notwithstanding the foregoing, in no event shall the total term of this contract, including extensions hereto, be for a period of more than three (3) years.

5.

The continuation of this contract is contingent upon the appropriation of funds to fulfill the requirements of the contract by the legislature. If the legislature fails to appropriate sufficient monies to provide for the continuation of the contract, or if such appropriation is reduced by the veto of the Governor or by any means provided in the appropriations act to prevent the total appropriation for the year from exceeding revenues for that year, or for any other lawful purpose, and the effect of such reduction is to provide insufficient monies for the continuation of the contract, the contract shall terminate on the date of the beginning of the first fiscal year for which funds are not appropriated.

6.

No contractor shall assign any interest in this contract by assignment, transfer, or novation, without prior written consent of the State. This provision shall not be construed to prohibit the contractor from assigning his bank, trust company, or other financial institution any money due or to become due from approved contracts without such prior written consent. Notice of any such assignment or transfer shall be furnished promptly to the State and the Office of Contractual Review.

7.

Either party shall have the right to cancel this contract, with or without cause, by giving the other party (30) days written notice forwarded to their respective address by certified mail. State has the right to cancel this contract upon less than thirty (30) days due to budgetary reductions and changes in funding priorities by the State.

Notice shall be sent Certified Mail, return receipt requested, to the following addresses:

If to State:    Chair, Louisiana State Board of Cosmetology
              11622 Sunbelt Court
              Baton Rouge, LA 70809

If to Counsel: Celia R. Cangelosi

Attorney at Law
5551 Corporate Blvd., Ste. 101
Baton Rouge, LA 70808

8.

All records, reports, documents and other material delivered or transmitted to Counsel by State shall remain the property of State, and shall be returned by Counsel to State, at Counsel's expense, at termination or expiration of this contract. All records, reports, documents, pleadings, exhibits or other material related to this contract and/or obtained or prepared by Counsel in connection with the performance of the services contracted for herein shall become the property of State, and shall, upon request, be returned by Counsel to State, at Counsel's expense, at termination or expiration of this contract.

9.

The State and Counsel acknowledge and agree that the Department of Justice has the right to review all records, reports, worksheets or any other material of either party related to this contract. The State and Counsel further agree that they or either of them will furnish to the Department of Justice, upon request, copies of any and all records, reports, worksheets, bills, statements or any other material of Counsel or State related to this contract.

10.

Counsel agrees to abide by the requirements of the following as applicable: Title VI and VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, Federal Executive Order 11246, the Federal Rehabilitation Act of 1973, as amended, the Vietnam Era Veteran's Readjustment Assistance Act of 1974, Title IX of the Education Amendments of 1972, the Age Act of 1975, and counsel agrees to abide by the requirements of the Americans with Disabilities Act of 1990.

Counsel agrees not to discriminate in its employment practices, and will render services under this contract without regard to race, color, religion, sex, national origin, veteran status, political affiliation, or disabilities.

Any act of discrimination committed by Counsel, or failure to comply with these statutory obligations when applicable shall be grounds for termination of this contract. This contract is not effective until approved by the Director of the Office of Contractual Review in accordance with La R.S. 39:1502. It is the responsibility of the contractor to advise the State in advance if contract funds or contract terms may be insufficient to complete contract objectives.

11.

Any claim or controversy arising out of the contract shall be resolved by the provisions of LSA - R.S. 39: 1524 - 1526.

IN WITNESS WHEREOF, the parties have executed this Agreement as of this day of *(enter date)*. May 5, 2014

WITNESSES SIGNATURES:

*[signature: Butler]*
_____

*[signature: Maliwal]*
_____

LOUISIANA STATE BOARD OF COSMETOLOGY:
By: *[signature: Frances Hand]*
Title: CHAIRMAN

CELIA R. CANGELOSI: *[signature: Celia Cangelosi]*
_____
Tax I.D. # 72-1089385
Telephone: (225) 387-0511

APPROVED BY: _____
                *Attorney General*

CONCURRED BY: _____
                *State Risk Director*

IN WITNESS WHEREOF, the parties have executed this Agreement as of this day of *(enter date)*. May 5, 2014

WITNESSES SIGNATURES:

_____
*[signature]*

_____
*[signature]*

LOUISIANA STATE BOARD OF COSMETOLOGY:

By: *[signature]*
Title: CHAIRMAN

CELIA R. CANCELOSI: *[signature]*
Tax I.D. # 72-1089385
Telephone: (225) 387-0511

APPROVED BY: _____
*Attorney General*

CONCURRED BY: _____
*State Risk Director*

Concurred by: *[signature]* 7/1/14
State Risk Director / Date

APPROVED AS PER LETTER OF 6/24/14
JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL
BY: *[signature]*
RICHARD L. McGIMSEY
ASSISTANT ATTORNEY GENERAL

APPROVED
Office of the Governor
Office of General Review

JUL 24 2014

*[signature]* Paula Lewin for
Pamela Bartfay Rice