UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOA T. NGUYEN, ET AL.<br>Plaintiffs | CIVIL ACTION NO.: 3:14-cv-00080 |
| VERSUS | JUDGE BRIAN A. JACKSON |
| LOUISIANA STATE BOARD OF<br>COSMETOLOGY, ET AL.<br>Defendants | MAGISTRATE JUDGE RICHARD L.<br>BOURGEOIS, JR. |

**CANGELOSI OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE**

NOW INTO COURT, through undersigned counsel, comes defendant, Celia R. Cangelosi ("Cangelosi"), who opposes Plaintiffs' Motion in Limine (R. Doc. 185) for the following reasons, to-wit:

**1. Opposition to Motion to Exclude Facebook Postings of Elegant Nails # 2**

Uan Pham ("Pham") is the owner and manager of Elegant Nails # 2.[1] He knew that performing waxing on customers at Elegant Nails # 2 would be a violation of the cosmetology law.[2] He admitted in Consent Agreements that waxing was being conducted on the premises of Elegant Nails # 2 and that he and Elegant Nails # 2 violated the cosmetology law in relation to the conduction of waxing.[3] However, in his deposition on July 8, 2015, Pham testified that waxing was not conducted on customers at Elegant Nails # 2.[4] In the Pretrial Order, Pham represents that

---

[1] R. Doc. 152-4 (Pham deposition) at pp. 6 and 16.
[2] *Id.* at pp. 15-16.
[3] R Doc. 152-17 (Consent Agreement for Elegant Nails # 2) at ¶¶ 2, 3, 6, and 7(a), and R. Doc. 152-18 (Consent Agreement for Pham) at ¶¶ 4 and 8(a).
[4] R. Doc. 152-4 (Pham deposition) at pp. 15-16.

"he will testify that he was not in violation of any regulations, acts, or statutes by simply possessing waxing paraphilia in his store."[5]

On or about July 13, 2015, undersigned counsel asked a secretary at his then law firm to search for any information concerning any waxing activities shown on the Facebook website of Elegant Nails # 2.[6] The search was performed, and the three postings attached hereto were found.[7] These three postings were included in Cangelosi's list of exhibits in the Pretrial Order.[8]

The subject postings for Elegant Nails # 2 are dated July 22, 2013 ("Nail toes & eyebrows"); September 3, 2013 ("honestly, the only place I ever get rid of the caterpillars on my face because they take such good care of me"), and August 11, 2014 ("I have to wait lol while she gets her browns done").[9]  These postings are consistent with the admission by Pham that he purchased waxing equipment and supplies a month or two before the inspection on August 28, 2013.[10]

In their opposition, Plaintiffs claim that the subject postings have not been properly authenticated.[11] At the trial the subject postings will be authenticated by a testifying witness, likely Brittany Townsend, the secretary at Kantrow, Spaht, Weaver & Blitzer, APLC, who did the search. The Courts have recognized that Facebook postings can be authenticated by the cooperation of a testifying witness,[12] and that Facebook postings, properly authenticated, can be used for impeachment and are admissible.[13]

---

[5] R. Doc. 181 (Joint Pretrial Order) at p. 74.
[6] Exhibit 1 (Brittany Townsend affidavit) at ¶ 2.
[7] *Id.* at ¶ 4; *see* attachments to Exhibit 1.
[8] R. Doc. 181 (Joint Pretrial Order) at p. 71, listing as exhibits the same postings which were attached to Cangelosi's MSJ directed to Uan Pham. R. Doc. 152-6.
[9] *See* attachments to Exhibit 1.
[10] R. Doc. 152-4 (Pham deposition) at pp. 22-23, and R. Doc. Exhibit 152-5 (Pham responses to Cangelosi's First RFA, IT, and RPD) at p. 7, answer to IT No. 7.
[11] R. Doc. 185-1 at p. 2.
[12] *Rea v. Wisconsin Coach Lines, Inc.*, 2015 WL 1012936 at *5 (E.D. La. 3/5/2015).
[13] *Id.*; *Rea v. Wisconsin Coach Lines, Inc.*, 2015 WL 4394058 at *7 (E.D. La. 7/15/2015).

2

In its opposition, Pham claims that "Defendants just pulled the website postings out of thin air …"[14] Noticeably absent from the opposition, however, is any affidavit or other attestation from Pham:

- denying that Elegant Nails # 2 had a Facebook website at the time of the postings;

- denying that the subject postings appeared on its Facebook Page;

- denying that two of the subject postings remained on its Facebook Page from approximately August and September of 2013 through at least July 13, 2015; or

- denying that it had the ability to accept or delete these postings from its Facebook Page.[15]

Pham claims that the postings are "grossly irrelevant."[16] To the contrary, the postings are relevant to the issue of whether waxing was being conducted on customers at Elegant Nails # 2 in August and September of 2013, and to contradict the anticipated testimony by Pham to the contrary. The postings are also relevant to the issues of: (i) whether Pham denied that waxing was being done at Elegant Nails # 2 in his conversation with Cangelosi on October 3, 2013 (as claimed by Cangelosi);[17] (ii) whether Pham admitted in the Consent Agreements that waxing was conducted because this was the truth (not because of supposed pressure),[18] and (iii) whether Pham decided not to contest the charges at the hearing scheduled for February 4, 2014, because he feared that evidence (such as these postings) might be introduced (not because he was "busy").[19]

---

[14] R. Doc. 185-1 at p. 3.
[15] For a discussion of Facebook, *see CTLI, LLC*, 528 B.R. 359, 365-66 (2015) and Facebook Help Center. How do I hide or delete posts I've shared from my Page? What's the difference? http://www.facebook.com/business//2529864581110193?helpref=hc_fnav.
[16] R. Doc. 185-1 at p. 3.
[17] *See* R. Doc. 152-8 (Cangelosi declaration) at ¶ 13.
[18] *See* R. Docs. 152-17 and 152-18 (signed Consent Agreements).
[19] Pham claims that he decided not to attend the hearing because he was "busy." R. Doc. 152-4 (Pham deposition) at pp. 69-70.

Pham claims that the postings are "unfairly prejudicial."[20] The postings may be harmful to Pham because they show that waxing was being conducted at Elegant Nails # 2, contrary to the Cosmetology Act and to Pham's expected testimony. However, the postings are not "unfairly prejudicial."

### 2. Opposition to Motion to Exclude All Evidence of Plaintiff's Criminal Convictions and Arrest Records, in particular Hien Hoang's Recent Arrest

In their opposition, Plaintiffs advise that on February 19, 2016, Hien Hoang was arrested for the charge of Possession of Cocaine.[21] Plaintiffs further advise that the case was allotted to Section VII, Docket No. 03-16-0027, 19th JDC, and that Hoang was placed on supervised probation under Docket No. 8-13-609.[22] Further:

> With information and belief from Plaintiff's criminal counsel, Mr. Tony Tran, Hien Hoang's case will be resolved shortly and he will be released from jail in time for trial.[23]

In the Pretrial Order, Plaintiffs represented that "Mr. Hoang is currently incarcerated in Baton Rouge for pending criminal charges. His availability for trial is uncertain and likely not possible."[24] Significantly, Plaintiffs nowhere state that Hoang was ever *convicted* of any crimes.

At the start of written discovery in this matter, Cangelosi attempted to obtain discovery concerning any criminal proceedings involving Hien Hoang through requests for production. Cangelosi RPD No. 31 requested:

> Copies of all pleadings from any other judicial proceedings, civil or criminal, in which you and/or Magic Nails have been a party.[25]

Hien Hoang responded:

---

[20] R. Doc. 185-1 at p. 3.
[21] *Id.* at p. 4.
[22] *Id.*
[23] *Id.*
[24] R. Doc. 181 (Joint Pretrial Order) at p. 95.
[25] R. Doc. 97-3 at p. 27, RPD No. 31.

4

> Objection. Irrelevant. Plaintiff's request is irrelevant to the subject matter of this case, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request is so broad and unlimited as to time and scope as to be unwarranted annoyance, embarrassment, and is oppressive. To comply with this request would be an undue burden and expense to the Plaintiff. The request is calculated to annoy and harass Plaintiff.[26]

No documents responsive to RPD No. 31 were provided.

> In his deposition taken on July 7, 2013, Hien Hoang testified:
>
> Q. Have you consulted with any lawyers other than Mr. Cao?
>
> MR. CAO:
>
> > Objection as to relevance. In regards to what?
>
> THE WITNESS:
>
> > I only know Mr. Cao.[27]

From a review of the public records of East Baton Rouge Parish, it is now known that Hien Hoang has a lengthy criminal record, including at least three convictions.[28] Since Hien Hoang has refused to respond to discovery concerning his criminal records, the full extent of his arrests and convictions are unknown. Nonetheless, from a review of the public records of this parish, it is now known that within ten (10) years from the date that his complaint was filed on February 6, 2014:

- Hien Hoang was arrested on September 18, 2006, and charged with either Possession of Cocaine or Possession with Intent to Distribute Cocaine and Possession of Marijuana, from which it appears that Hien Hoang pled guilty on February 23, 2007, to Possession of Drug Paraphernalia.[29]

---

[26] R. Doc. 97-6 at p. 22 - Hien Hoang response to RPD No. 31.
[27] Exhibit 2 at p. 55 (Hien Hoang deposition).
[28] Exhibit 3 - Criminal Records of Hien P. Hoang, such records obtained from the suit record entitled *State of Louisiana v. Hien Hoang*, No. 03-16-0027, Section VII, 19th JDC.
[29] *Id., see also* Exhibit 4 (EBR Parish Clerk Docket Report Results for Case ID: B09-06-0406 and A09-06-1472) which refer to 40:967A PWID COCAINE; Exhibit 5 (EBR Parish Clerk Docket Report Results for Case ID: 02-07-0871) which for entries dated 5/31/2007, 8/24/2007, 11/7/2007, and 2/14/2008 refers to a charge of Possession of Cocaine which was later amended to a charge of Possession of Drug Paraphernalia, from which Hien Hoang pled guilty; and Exhibit 6 (Affidavit of Probable Cause, Police

- Hien Hoang was arrested on July 13, 2007, and charged with Possession of Cocaine.[30]

- Hien Hoang was arrested on June 20, 2013, and charged with Possession with Intent to Distribute Cocaine and Possession of Drug Paraphernalia.[31] He pled guilty on October 15, 2014, to Possession of Cocaine, and he was sentenced to confinement in the custody of the Secretary of the Department of Public Safety and Corrections for a period of five years, which sentence was suspended, and he was placed on active supervised probation for a period of five years, all as more fully set forth in the attached Docket Report Results.[32]

- Hien Hoang was arrested on February 19, 2016, and charged with Possession of Schedule II CDS (crack cocaine) and Possession of Drug Paraphernalia.[33] Upon information and belief, this matter is set for trial May 2, 2017.[34]

More than ten (10) years ago, Hien Hoang was indicted for the Second Degree Murder of Christopher McDaniel,[35] pled guilty to Accessory After the Fact to Second Degree Murder (La. R.S. 14:24),[36] and was sentenced to confinement for one (1) year at hard labor.[37]

Contrary to his deposition testimony, Hien Hoang has been represented by several lawyers other than Anh Cao, including Max LaBranche, M. Michele Fournet, and James S. Holt IV. Mr. LaBranche and Ms. Fournet represented Hien Hoang on the charge of Second Degree Murder mentioned above.[38] Mr. Holt represented Hien Hoang on the charges arising out of his arrest on

---

Report, Felony Bill of Information, and Criminal Commitment, such records contained in suit record for Suit No. 02-07-0871).
[30] Exhibit 3 - Criminal Records of Hien P. Hoang.
[31] Exhibit 7 - Affidavit of Probable Cause dated 6/20/2013.
[32] Exhibit 3 - Criminal Records of Hien P. Hoang and Exhibit 8 - EBR Parish Clerk Docket Report Results for Case ID: 08-13-0609 at p. 9.
[33] Exhibit 9 – Affidavit of Probable Cause dated 2/19/16.
[34] Exhibit 3 - Criminal Records of Hien P. Hoang, and Exhibit 10 - EBR Parish Clerk Docket Report Results for Case ID: 03-16-0027.
[35] Exhibit 11 – Indictment filed 9/4/97 in Suit No. 08-97-389.
[36] Exhibit 12 – Status Conference Minutes dated 5/26/98 in Suit No. 08-97-389.
[37] *Id.*; Exhibit 3 - Criminal Records of Hien P. Hoang and Exhibit 13 - EBR Parish Clerk Docket Report Results for Case ID: 08-97-0389 at p. 1.
[38] *See, e.g.,* portion of Transcript of Bond Hearing 10/14/97 (showing representation by Mr. LaBranche at this hearing) and Motion and Order to Substitute Counsel, both attached as Exhibit 14. *See also* Exhibit 12 showing that Ms. Fournet represented Hien Hoang when he pled guilty.

June 20, 2013, for Possession with Intent to Distribute Cocaine and Possession of Drug Paraphernalia, and his conviction for Possession of Cocaine arising out of this arrest.[39] The June 20, 2013 arrest is important because it was only six weeks after the final LSBC inspection of which Hien Hoang complains, that is, the LSBC inspection on May 3, 2013. Hien Hoang claims that the inspections caused a "drop in patrons."[40] Thus, the arrest on June 20, 2013 for PWID Cocaine and Possession of Drug Paraphernalia raises the obvious question: was any drop in patrons at Magic Nails (Hien Hoang's nail salon) caused by the inspections or by Hien Hoang's drug abuse.

In the instant case, Hien Hoang is listed as a will call witness.[41] His failure to identify Mr.Holt during his deposition and his failure in responding to Cangelosi RPD No. 31 to identify the charges arising out of his arrest on June 20, 2013, for Possession with Intent to Distribute Cocaine and Possession of Drug Paraphernalia, and his conviction for Possession of Cocaine arising out of this arrest, must be considered an intentional attempt to hide this recent conviction. After all, at the time of his deposition on July 7, 2015, Hien Hoang was on active probation for this very conviction. These failures raise issues as to Hien Hoang's credibility, to say the least.

In similar cases, the federal courts have recognized that a plaintiff's convictions are probative as to truthfulness, and pursuant to FRCP Rule 609(a), a witness's character for truthfulness may be attacked in a civil case by evidence of a criminal conviction which is punishable by imprisonment for more than one (1) year. Thus, in *Albert v. Jordan*,[42] one of the plaintiffs in an automobile accident (Benny Bradley) sought damages for lost wages. This plaintiff had been convicted of possession of crack cocaine, among other violent crimes. Finding that this plaintiff had lied to the Court during his deposition testimony, that his credibility was at issue, and

---

[39] Exhibit 8 (Case ID: 08-13-0609) and Exhibit 3 (Criminal Records of Hien P. Hoang).
[40] R. Doc. 1 (Complaint) at para. 10.
[41] R. Doc. 181 (Joint Pretrial Order) at p. 74.
[42] 2007 WL 4403739 at *1 (W.D. La. 12/14/2007).

7

that he was making a claim for lost wages, the Court ordered that evidence of Bradley's felony convictions less than ten (10) years old would be allowed, as well as testimony of officers or others regarding his drug use as well as lab results of any drug tests given. The Court held:

> Accordingly, whether or not Mr. Bradley has a history of drug abuse is relevant to his claim for lost wages. Also, Mr. Bradley's credibility is an issue. The jury could potentially find that Mr. Bradley was unfit for employment because of his drug abuse during the time he was injured. As previously stated, arrests without convictions will not be admissible, however, the Court will allow evidence of Mr. Bradley's felony convictions within the 10 year time limit and also the testimony of officers or others regarding his drug use as well as the lab results of any drug tests he may have been given.[43]

Similarly, in *McIntyre v. Bud's Boat Rental, L.L.C.*,[44] the plaintiff in a civil suit claimed damages, and the defendant sought to admit prior criminal convictions to impeach plaintiff's credibility. Although the Court denied the defendant's motion to admit evidence of a plaintiff's convictions more than ten (10) years old, it granted defendant's motion to admit evidence of a criminal conviction less than ten (10) years old. The Court held:

> Defendant moves to admit evidence of McIntyre's 1994 conviction for unauthorized entry into an inhabited dwelling, for which McIntyre was sentenced to two years in jail. The Court finds that this conviction is admissible under Rule 609(a). The probative value of the conviction is not outweighed by its prejudicial effect on the plaintiff.[45]

Accordingly, evidence of Hien Hoang's guilty plea in 2014 to Possession of Cocaine, evidence of any guilty plea or conviction to the pending charge of Possession of Schedule II CDS (crack cocaine), and evidence of any other criminal convictions less than ten years old which meet the criteria of FRCP Rule 609(a) are admissible on the issue of Hien Hoang's credibility.

Although criminal convictions more than ten years old are normally not admissible, such convictions are admissible if the probative value, supported by the facts and circumstances,

---

[43] *Id.* at *2.
[44] 2003 WL 22174236 at *3 (E.D. La. 9/9/2003).
[45] Id. at *3.

8

substantially outweighs its prejudicial effect.[46]  Such is the case here.  An important issue in this case is the conduct of Sherrie Stockstill during the May 3, 2013 inspection, which necessarily raises the issue of the conduct of Hien Hoang during the inspection.   Ms. Stockstill claims:

> The referenced individual [Hien Hoang] has responded in the most vile, disrespectful, and hostile manner that threatens my very existence.  He has screamed, hollered and used intimidating and threatening language, even to the point of advancing on me in a physical gesture.[47]

At first blush, one might think that Ms. Stockstill was exaggerating.  The criminal convictions of Hien Hoang of violent crimes indicate otherwise.  Thus, the criminal conviction of Hien Hoang in 1997 to a violation of La. R.S. 14:24, Accessory to Second Degree Murder, should also be admitted.  Conviction of this violent crime is substantially more probative than prejudicial.  Cangelosi hereby give notice to Hien Hoang that she intends to use this 1998 conviction at the trial.

For all of these reasons, Hien Hoang's motion to exclude evidence of his arrests and convictions should be deined.

### Conclusion

For all of these reasons, the Plaintiffs' motion in limine should be denied.

Respectfully submitted:

/s/ Paul H. Spaht
Paul H. Spaht (#7687)
Spaht Law Firm, LLC
4232 Bluebonnet Blvd.
Baton Rouge, Louisiana 70821-2997
Telephone: (225) 490-9545
Facsimile (225) 238-6584
paul@spahtlaw.com
Attorneys for defendant, Celia R. Cangelosi

---

[46] FRCP Rule 609(b).
[47] *See* Stockstill letter dated 5/20/2013 attached as Exhibit 15.

9

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Opposition to Plaintiff's Motion in Limine was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and to all non-CM/ECF participating parties or counsel by this date depositing same in the United States Mail, first class postage prepaid and properly addressed.

    Baton Rouge, Louisiana, this 16[h] day of November, 2016.

    /s/Paul H. Spaht
    PAUL H. SPAHT